FILED
2022 FEB 16 AM 11:45
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALLISON MARIE BAVER, <br><br> Defendant. | **ORDER TO CONTINUE JURY TRIAL AND RELATED CASE DEADLINES** <br><br> Case No. 2:21-cr-00520 <br> Judge Jill N. Parrish |

Based on the Stipulated Motion to Continue Jury Trial filed, in the above-entitled case, and for good cause appearing, the court makes the following findings:

1. The Defendant first appeared before the Court on January 18, 2022, for her initial appearance and arraignment on the Indictment returned in this matter. The Court set the initial trial date on March 28, 2022, which was within the 70-day time period.

2. The court ordered that discovery was to be produced by the United States on January 19, 2022.

3. On January 19, 2022, the United States provided some discovery to Defendant.

4. On February 2, 2022, the United States provided more discovery to Defendant. In all, Defendant has received approximately 2.2 GB of discovery, which includes several hours of interviews.

5. On December 14, 2021, Mr. Nerdin's counsel provided the United States with a 3 TB external drive and are awaiting the discovery.

6. On February 9, 2022, the Court issued Court issued General Order 22-004, transitioning

the federal courthouse in Salt Lake City to Phase 2 of the phased reopening plan beginning February 14, 2022. Under this order the Court will hold up to one civil and one criminal jury trial at a time.

7. Defendant has moved to continue trial pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (B)(iv).

8. This is the Defendant's first request to continue trial in this matter.

9. The length of delay requested is 6 months.

10. On March 13, 2020, a National Emergency was declared in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic. The court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation. Utah and the nation remain in the midst of the most serious global pandemic in over a century. Globally, it is estimated that more than 180 million people have been infected, and nearly 4,000,000 have died from the disease. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts. State and federal courts are beginning to carefully move toward safe reopening as condition in different regions of the country permit.

11. Since the beginning of the pandemic, the Court has issued a series of COVID-19 related orders, culminating most recently with General Order 22-004. Based on all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the pandemic

continues to present an ongoing health emergency in Utah.

12. To protect the health of prospective jurors, government employees, and the Defendant, the Court is currently only allowing one civil and one criminal jury trial at a time to proceed. There is also a significantly reduced ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in the courtroom for trial. Empaneling a jury, conducting a trial, and arranging jury deliberations, with due regard for health and safety, considering the broad spectrum of participants and their contacts outside the court, is not currently possible in the physical facilities available to the court for more than one trial at a time. Thus, an "ends of justice" finding is necessary, and the Court should exclude the time from March 28 2022, through the new trial date.

13. In addition to these considerations, an "ends of justice" finding is also warranted because the parties agree that they need additional time to receive and review the evidence in this case.

14. Defendant is currently not in custody and does not object to continuing her trial for the reasons above.

15. Counsel for the government has been contacted and stipulates to the continuance.

16. This continuance is not based on congestion of the court's calendar, lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to provide discovery as ordered.

Based on the foregoing findings, the court concludes that failure to grant such a continuance would result in a miscarriage of justice and would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due

diligence.[1] Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.[2]

THEREFORE, the 4-Day Jury Trial previously scheduled to begin on March 28, 2022 is hereby continued to the 26th day of September, 2022, at 8:30 a.m.  Accordingly, the time period of March 28, 2022 to September 26, 2022, is excluded in computing the time within which the trial must commence. The continuance is justified under 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i) and (iv).

The associated case deadlines are as follows. Motions are due 30 days prior to trial, the plea agreement is due 14 days prior to trial, and the final pretrial conference is due 7 days prior to trial.

DATED this 16th day of February, 2022.

BY THE COURT:

_____
HON. JILL N. PARRISH
United States District Court Judge

---

[1] *Id.* § 3161(h)(7)(B)(i) and (iv).

[2] *Id.* § 3161(h)(7)(A).

SLC_1038373.1