TRINA A. HIGGINS, United States Attorney (#7349)
AARON B. CLARK, Assistant United States Attorney (#15404)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC#475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALLISON BAVER, <br><br> Defendant. | Case No. 2:21-cr-00520-JNP <br><br> MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS AND REQUEST FOR HEARING <br><br> District Court Judge Jill N. Parrish <br> Magistrate Judge Cecilia M. Romero |

The United States, by and through the undersigned Assistant United States Attorneys, respectfully moves this Court to amend the defendant's conditions of pretrial release to include a no contact order in this case.  In support of this motion, the United States relies on the following:

A nine-count indictment was filed on December 15, 2021, charging defendant ALLISON BAVER (hereinafter, the "Defendant") with False Statements to a Bank, in violation of 18 U.S.C. § 1014, and Money Laundering, in violation of 18 U.S.C. § 1957.  On January 18, 2022, the Defendant appeared in court for her initial appearance and arraignment.  At that hearing, the Court imposed certain conditions of release for the

Defendant.[1] A no-contact order was not imposed.

On or about May 14, 2022, the United States was advised by a potential witness in this case (R.M.) that the Defendant had approached R.M. and yelled at R.M. because R.M. provided certain information about the Defendant to the United States in connection with this case. (The information provided by R.M. to the United States was produced as part of discovery.) R.M. advised that the Defendant threatened to sue R.M. That same weekend, the Defendant was observed on multiple occasions using her cell phone to film the front of R.M.'s home. R.M. reported to the United States that they felt harassed by the Defendant's conduct and by her statements. The Defendant and R.M. are neighbors. R.M. provided to the United States copies of security surveillance videos that corroborate R.M.'s statements about the Defendant's actions.

A court has the inherent power to protect witnesses. *See Wheeler v. United States*, 640 F.2d 1116, 1123 (9th Cir. 1981); *United States v. Kirk,* 534 F.2d 1262 (8th Cir. 1976). The Supreme Court recognized a trial judge's broad discretion to protect the administration of justice from "abuses, oppression, and injustice." *Bitter v. United States*, 389 U.S. 15, 16 (1976). *See also United States v. De Castro-Font*, 587 F. Supp.2d 364, 368-69 (D. P.R. 2008) ("The prohibition of contacts with victims or persons who are or may be witnesses is, logically, prophylactic. It is predicated on the Court's inherent power to protect victims and witnesses. It seeks to prevent a defendant from intimidating someone who, by nature of being a victim or a potential witness, is already in a difficult

---

[1] "Order Setting Conditions of Release," Docket No. 13.

and delicate position."").

Based on the Defendant's conduct and statements toward R.M., to include the Defendant's stated anger at R.M. and threats to sue R.M. because R.M. provided information to the United States, the United States believes that a no-contact order is warranted in this case. The United States does not wish to exclude reasonable efforts by Defendant's counsel to investigate or prepare for trial. Rather, the United States is seeking to prevent the Defendant from engaging in harassing, intimidating, and/or threatening behavior directed at potential witnesses. Notably, the Defendant and R.M. are neighbors, so the potential is high for continued harassment by the Defendant.

The United States contacted defense counsel on or about May 16, 2022 to advise counsel about the alleged contact between the Defendant and R.M., as well as the United States' intent to seek a modification of the Defendant's release conditions to include a no-contact order. At the time of this filing, defense counsel has not provided the United States with its position on this motion.

For the foregoing reasons, and any other reasons that may be elicited at a hearing on this matter, the United States respectfully requests that this Court modify the Defendant's pretrial release conditions to include an order that Defendant avoid all contact, directly or indirectly, with any person who is or may be a potential witness in this case. The United States further requests that the no-contact order specify that the Defendant shall not engage in any harassing, threatening, abusive, or stalking behavior toward any witness in this case. The United States further requests a hearing on this motion.

DATED this 2nd day of June, 2022.

TRINA A. HIGGINS
United States Attorney

 /s/ *Jennifer K. Muyskens*
Jennifer K. Muyskens
Assistant United States Attorney