Scott F. Garrett (8687)
**DENTONS DURHAM JONES PINEGAR P.C.**
192 East 200 North, Third Floor
St. George, Utah 84770
Telephone: (435) 674-0400
Facsimile: (453) 628-1610
scott.garrett@dentons.com

R. Blake Hamilton (11395)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 S. Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
blake.hamilton@dentons.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON MARIE BAVER, and ALLISON BAVER ENTERTAINMENT, LLC,<br><br>Defendants. | **STIPULATED MOTION TO CONTINUE JURY TRIAL**<br><br>Case No. 2:21-cr-00520<br><br>Judge Jill N. Parrish |

Ms. Baver moves to continue trial until February, 2023, and exclude time under the Speedy Trial Act. The government stipulates to the motion, which is made in accordance with 18 U.S.C. § 3161, DUCrimR 12-1(h), and *United States v. Toombs*, 574 F.3d 1262 (10th Cir.2009).

1

INTRODUCTION

Ms. Baver is charged with eight counts of False Statement to a Bank under 18 U.S.C. 1014 and 1 count of Money Laundering under 18 U.S.C. 1957 (Dkt. 1). She was arraigned in this case on January 18, 2022 (which triggered the Speedy Trial Act) and entered pleas of not guilty (Dkt. 11). At that time the case was set for a jury trial on March 28, 2022 (Dkt. 11). A Stipulated Motion to Continue Jury Trial was filed by the Parties on February 11, 2022 (Dkt. 20) and the jury trial was continued and time excluded under the Speedy Trial Act. This case is currently set for a four-day jury trial beginning September 26, 2022 (Dkt. 21).

On June 10, 2022 Ms. Baver filed a Motion to Dismiss Indictment (Dkt. 28). While that Motion was pending the Government filed a Superseding Indictment, charging the same counts, but adding Allison Baver Entertainment, LLC as a defendant (Dkt. 35). On July 26, 2022, Ms. Baver filed a new Motion to Dismiss Superseding Indictment (Dkt. 39). On August 8, 2022, the Government responded to the Motion to Dismiss Superseding Indictment (Dkt. 41), and the matter is pending.

Beginning in March 2020, the court entered numerous general orders dealing with court operations during the Covid-19 pandemic and suspending jury selection and jury trials. E.g., D. Ut. General Orders 20-008, 20-009, 20-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, 21-015, 22-002, 22-004, 22-006, and 22-010 (incorporated by reference). Based on the ongoing pandemic, the court excluded time under the Speedy Trial Act between March 16, 2020 and August 31, 2022.

ARGUMENT

The Speedy Trial Act (the "Act") requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). There are some instances under which time may be excluded under this Act. The Parties move to continue the trial and exclude the time under the Act pursuant to 18 U.S.C. § 3161(h)(1)(D) (delay resulting from a pretrial motion) and 18 U.S.C. § 3161(h)(7)(A) (ends of justice). Both scenarios provide justification to exclude time under the Act.

In addition the Parties seek to exclude time under the Act for issues related to the pandemic. The court's general orders contain facts about the state of the Covid-19 pandemic, including challenges related to trials. The orders reflect the ongoing concerns related to the pandemic that continue to justify excluding time under the Act, at least through August 31, 2022.

**I.     Delay from pretrial motions.**

Ms. Baver has had a Motion to Dismiss pending before the Court since June 10, 2022. During the pendency of that Motion, the Government filed a Superseding Indictment, which added a defendant and made some other minor changes. As a result, Ms. Baver's initial Motion to Dismiss was withdrawn and a subsequent Motion to Dismiss Superseding Indictment filed on July 26, 2022. The briefing on the Motion to Dismiss is complete, but the Motion is still pending and the parties are awaiting a disposition. With the trial currently scheduled for September 26, 2022, it does not appear that the Motion to Dismiss will be resolved by that time. The Parties would benefit from a continuance.

**II.      The ends of justice outweigh the best interest of the public and the Defendant in a speedy trial.**

The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision "demand[s] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" §3161(h)(7)(A). *Id.* at 507. And any such failure generally cannot be harmless. *Id.* at 509.

As the Court's General Orders reflect, the ends of justice justify excluding time under the Speedy Trial Act. Pandemics, like natural disasters or other emergencies, grant a court the discretion to order an ends-of-justice continuance. *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (volcanic eruption). Here, time has already been excluded as per the court's general orders from March, 2020 through August 31, 2022.

In addition, the ends-of-justice support a continuance of the jury trial and exclusion of the time under the Act as the Parties need additional time for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). There was voluminous discovery in this case that has required an unusual amount of time to review. In addition, the Parties have been involved in litigating the Motion to Dismiss, which has taken substantial time. Given the number of counts, anticipated witnesses and documents in this case, the Parties, to effectively exercise due diligence, need additional time to adequately prepare for this trial.

It would be unfair for the Parties to proceed to trial as currently scheduled as additional preparation time is needed on both sides and the Motion to Dismiss is still pending. A failure to continue the trial under these circumstances would result in a miscarriage of justice and would deny counsel for Parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (B)(iv). Thus, the

ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial. *Id.* § 3161(h)(7)(A).

### III. Other Deadlines

The Parties also request an order setting the following pretrial deadlines:

- Motions due 30 days prior to trial;
- Plea agreement due 14 days prior to trial; and
- Final Pretrial Conference 7 days prior to trial.

### CONCLUSION

For these reasons, Ms. Baver moves to continue trial to February, 2023 and exclude time under the Speedy Trial Act.

DATED: September 8, 2022.

**DENTONS DURHAM JONES PINEGAR P.C.**

/s/ Scott F. Garrett
SCOTT F. GARRETT
*Attorneys for Defendant*


/s/ Aaron Clark
AARON CLARK
*Attorney for Plaintiff*
*(Signed by filing attorney with permission)*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September 2022, I served a signed copy of the foregoing **Stipulated Motion to Continue Jury Trial** on the following by submitting the same for electronic filing:

Aaron Clark
Jennifer Muyskens
US Attorney's Office
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Aaron.Clark@usdoj.gov
Jennifer.Muyskens@usdoj.gov

/s/ Shanan Arslanian

STG_1076784.1