TRINA A. HIGGINS, United States Attorney (#7349)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC#475353)
JAMIE Z. THOMAS, Assistant United States Attorney (#9420)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | UNITED STATES MOTION TO UNSEAL ECF FILINGS |
|---|---|
| Plaintiff, | |
| vs. | Case No. 2:21-cr-00520-JNP |
| ALLISON MARIE BAVER, | District Judge Jill N. Parrish |
| Defendant. | |

The United States, by and through undersigned counsel, hereby moves the Court pursuant to DUCrimR 49-2 to unseal the following pleadings: Defendant's Motion to Release Grand Jury Transcripts, Defendant's Amended Motion to Release Grand Jury Transcripts, Motion to Dismiss Count 18 of the Superseding Indictment, Motion in Limine to Exclude Witnesses, Motion in Limine to Exclude Evidence Involving Neighbor and HOA, and Motion in Limine to Admit Supporting Documentation.[1] The

---

[1] It is difficult to determine the ECF numbers associated with the Sealed pleadings, but the United States believes the Sealed Pleadings at issue are ECF #s 79, 82, 83, 87, 91 or 92, 98, 102, and 104.

1

associated responses by the United States and Defendant's Reply briefs should be unsealed as well.

DUCrimR 49-2(a) states:

"The records of the court are presumptively open to the public. The sealing of cases, pleadings, motions, memoranda, exhibits, and other documents or portions thereof (Documents) is generally discouraged. Unless restricted by statute, case law, court order, the Federal Rules of Criminal Procedure, or these local rules, the public will have access to all Documents filed with the court and to all court proceedings. Counsel are encouraged to publicly file Documents and to redact personal identifiers, as set forth in Fed. R. Crim. P. 49.1, and confidential portions of a Document when they are not directly pertinent to the issues before the court."

The Tenth Circuit has made clear that the public generally has a right to access court records. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) ("It is clearly established that court documents are covered by a common law right of access.") (citing *Nixon v. Commonwealth, Inc.,* 435 U.S. 589, 599 (1978)). As the Tenth Circuit explained, "judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *Id.*

Defendant began filing pleadings under seal on January 18, 2023. Defendant has filed a Motion to Release Grand Jury Transcripts, an Amended Motion to Release Grand Jury Transcripts, a Motion to Dismiss Count 18 of the Superseding Indictment, a Motion in Limine to Exclude Witnesses, a Motion in Limine to Exclude Evidence Involving Neighbor and HOA, and mostly recently, a Motion in Limine to Admit Supporting Documentation. All of these pleadings were filed Under Seal without justification or a

motion requesting sealing. None of these pleadings appear to contain information that is highly personal or sensitive such that the Court should shield access from the public. The United States has filed responses Under Seal since the Defendant's pleadings were filed Under Seal, but has noted in each filing that there appears to be no reason for the pleadings to be sealed. (See ECF #s 84 and 96).

On April 20, 2023, the Court issued a Memorandum Decision and Order denying Defendant's Motion to Release the Grand Jury Transcripts (ECF # 82) and denying Defendant's Motion to Dismiss Count 18 of the Superseding Indictment (ECF #83). The Court's 19-page decision is listed on the docket and addressed the pleadings that were filed Under Seal. Thus, there is no reason the pleadings need to remain Under Seal.

The Court has not yet ruled on the Motion in Limine to Exclude Witnesses, the Motion in Limine to Exclude Evidence Involving Neighbor or HOA, or the Motion in Limine to Admit Supporting Documentation, but the pleadings do not contain justification as to why they should be Sealed. The United States believes that these documents should not be restricted from public access and must be unsealed. The continued filing of pleadings under seal by the Defendant is contrary to the rules of this Court, *see* DUCrimR 49-2(a), and contrary to long-standing precedent that the public has a common law right of access to judicial documents, particularly where the Defendant has failed to identify or to justify the need for sealing the pleadings.

DATED this 17th day of May 2023.

                                  Respectfully Submitted,

                                  TRINA A. HIGGINS
                                  United States Attorney

                                  */s/ Jamie Z. Thomas*
                                  JENNIFER K. MUYSKENS
                                  JAMIE Z. THOMAS
                                  Assistant United States Attorneys