TRINA A. HIGGINS, United States Attorney (#7349)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC#475353)
JAMIE Z. THOMAS, Assistant United States Attorney (#9420)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00520-JNP |
| Plaintiff, | OPPOSITION TO MOTION IN LIMINE TO PRECLUDE EVIDENCE OF NEIGHBOR AND HOA DISPUTE |
| vs. | |
| ALLISON MARIE BAVER, and ALLISON BAVER ENTERTAINMENT, LLC. | District Judge Jill N. Parrish |
| Defendants. | |

The United States, by and through undersigned counsel, hereby submits this response in opposition to the Motion in Limine to Exclude Evidence Involving Neighbor and Homeowners Association filed by defendant Allison Baver. The townhome property where the defendant resides had a lien for failure to pay fees, the property was scheduled for foreclosure, and the defendant used PPP loan proceeds to pay the arrears to prevent foreclosure. This evidence is relevant and intrinsic to the charged offenses; in the alternative, the evidence is admissible under Rule 404(b).

1

## **BACKGROUND**

On October 19, 2022, a federal grand jury in the District of Utah returned a 10-count Second Superseding Indictment charging defendants Allison Marie Baver ("BAVER") and her company Allison Baver Entertainment LLC ("ABE") with eight counts of false statements designed to influence a bank, one count of Money Laundering, and one count of Contempt. (ECF No. 47). The trial evidence will show that the defendant made false statements on loan applications to fraudulently obtain $10 million in emergency economic funds paid out in forgivable loans through the Paycheck Protection Program ("PPP"), established by the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"), Pub. L. 116-136. The PPP—which was administered by the United States Small Business Administration ("SBA") and through SBA-approved lenders and processors—was intended to enable small businesses to continue operating and to keep their U.S.-based employees on payroll through the COVID-19 crisis.

The United States intends to offer evidence that BAVER submitted PPP loan applications that contained false statements to multiple lenders on behalf of ABE. In each PPP application, BAVER falsely represented that ABE had employees for whom ABE paid wages on February 15, 2020, and misrepresented the number of ABE's employees and average monthly payroll. Ultimately, one of the PPP loan applications was approved, and ABE obtained a PPP loan in the amount of $10 million from Meridian Bank. That loan was 100% guaranteed by the SBA.

Shortly after receiving the $10 million PPP loan, ABE paid two business entities exclusively controlled by BAVER using funds obtained from the PPP loan. Those two entities are High Rise Realty LLC ("High Rise Realty") and Lash Media LLC ("Lash Media"). According to tax records, High Rise Realty was paid $18,558.00, and Lash Media was paid $57,589.81 by ABE.

High Rise Realty was initially registered in the State of Utah in May 2014; it was last registered in 2017 and its registration expired on June 24, 2020. Lash Media was initially registered in the State of Utah in December 2011; it was last registered in 2016, and its registration expired in 2018. BAVER was listed as the registered agent for both entities. In filings with the SBA, BAVER identified herself as the 100% owner of both entities.

High Rise Realty is the entity that purportedly holds the townhome property where BAVER resides in Utah. At the time ABE received its $10 million PPP loan, High Rise Realty was in arrears on its homeowner association ("HOA") obligations for the townhome and had been in arrears for more than two years. In addition, the HOA held a lien on the townhome property. In April 2020, just one month before ABE received the $10 million PPP loan, BAVER was informed that the HOA intended to foreclose on its lien on the townhome property. After ABE received its PPP loan, High Rise Realty received a substantial sum of money from an unidentified bank account controlled by ABE. Tax forms filed by ABE reflect a total payment to High Rise Realty in excess of $18,000. The arrears

3

owed to the HOA was then paid by High Rise Realty (in June 2020), thereby preventing the planned foreclosure action. Notably, neither the payment to High Rise Realty nor the $57,589.81 payment to Lash Media are listed in the itemized payroll expenditures BAVER submitted as part of her PPP loan applications.

## ARGUMENT

Evidence of how the defendants actually spent the PPP loan proceeds is relevant to their intent in making the false statements to obtain the loan. ABE's payment to High Rise Realty and the use of PPP loan proceeds to pay the outstanding HOA dues to prevent foreclosure of BAVER's home is circumstantial evidence of BAVER's state of mind at the time she submitted the loan applications.

In addition, the payment to High Rise Realty was made from an unidentified bank account used or controlled by ABE. BAVER and ABE's refusal to comply with court orders to provide information about all bank accounts used or controlled by ABE constitutes evidence of the defendants' intent to conceal evidence of how the PPP loan was spent, which is admissible as consciousness of guilt for the section 1014 offenses, and to establish the mens rea for the charged contempt.[1]

---

[1] The defendant's motion in limine also seeks to exclude evidence of her disputes with her neighbors, to include videos that show the defendant recording her neighbor's residence and making certain statements. The United States does not intend to admit this evidence in its case-in-chief. However, the United States reserves the right to seek admission of this evidence should the defendant open the door to the admission of this evidence. *See, e.g., United States v. Chavez,* 229 F.3d 946, 952 (10th Cir. 2000) ("It is widely recognized that a party who raises a subject in an opening statement 'opens the door' to admission of evidence on that same subject by the opposing party."); *United States v. Ugalde-Aguilera,* 554 Fed. App'x 728 (10th Cir. Feb. 7, 2014) ("A defendant cannot seek to exclude as irrelevant testimony regarding prior similar acts after opening the door for the government.").

I.    The Charged Offenses

Defendants are charged with multiple counts of False Statements to a Bank, in violation of 18 U.S.C. § 1014; one count of Money Laundering, in violation of 18 U.S.C. § 1957; and one count of Contempt, in violation of 18 U.S.C. § 401(3).

To prove a violation of 18 U.S.C. § 1014 (False Statements to a Bank), the United States must prove each of the following elements beyond reasonable doubt: (1) the bank was federally insured; (2) the defendant made a false statement to the bank; (3) the defendant knew the statement was false when she made it; and (4) the defendant intended to influence the actions of the bank in connection with PPP loan applications.

To prove a violation of 18 U.S.C. § 401(3) (Contempt), the United States must prove each of the following elements beyond reasonable doubt: (1) The court entered a reasonably specific order; (2) the defendant had actual knowledge of the court order; (3) the defendant disobeyed or disregarded the order; and (4) the defendant acted willfully in disobeying or disregarding the court order.

II.    The proposed evidence is intrinsic to the section 1014 charges

Under Federal Rule of Evidence 401, evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if the fact is "of consequence in determining the action."  Evidence of how the defendants spent the loan fraud proceeds is relevant under Fed. R. Evid. 401 because the use of the PPP loan funds to pay BAVER's outstanding HOA dues has a tendency to make it more probable

that the loan applications were submitted by BAVER with knowledge that the statements of how the funds would be used were false and submitted with criminal intent. In *United States v. Taylor*, 832 F.2d 1187 (10th Cir. 1987), the Tenth Circuit noted that often, "fraudulent intent is not su[s]ceptible of proof by direct evidence", finding that defendant's "use of the funds . . . for personal expenses and his other business ventures is probative of the existence of a fraudulent scheme." *Id.* at 1194.

In *United States v. Irving,* the Tenth Circuit Court of Appeals explained "that [o]ther act evidence is intrinsic—and thus not subject to Rule 404(b)—when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (internal quotations and citations omitted). *See also United States v. United States v. Arney*, 248 F.3d 984, 992 (10th Cir. 2001) (discussing Rule 404(b) as not applying to intrinsic evidence).

Here, the spending of the PPP loan proceeds is inextricably intertwined with the false statements in the loan applications because the defendants submitted detailed information about how the loan proceeds would be spent as part of the loan applications. Shortly after receiving the PPP loan, the defendants made payments to High Rise Realty and Lash Media, which is inconsistent with the defendants' prior statements in the loan applications. Shortly thereafter, BAVER used the loan proceeds paid to High Rise Realty

to pay the outstanding HOA dues to avoid foreclosure of her residence. These actions occurred within weeks of submitting the false applications and receiving the loan. The HOA evidence is intertwined, both in time and in substance, with the statements made by the defendants in the loan applications. As such, this evidence is intrinsic to the section 1014 offenses and should not be excluded.

III.    The proposed evidence is admissible to prove motive, knowledge, and intent under 404(b)

Rule 404(b) provides another avenue for the admissibility of this highly probative evidence. Rule 404(b) provides that other act evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

Here, the defendants' use of PPP loan proceeds to pay her outstanding HOA dues is evidence of the Defendant's motive, intent, and knowledge in making the false statements to the banks. As part of the loan applications, the defendants itemized ABE's "payroll." High Rise Realty is not included in the itemization. Further, the payment of HOA dues for BAVER's personal residence is not an authorized use of PPP loan proceeds. These actions were taken within weeks of the defendants' submission of the loan applications. They are highly probative of BAVER's intent, knowledge, and motive in seeking a $10 million PPP loan for a business that had never paid wages to any employee.

In addition, the use of PPP loan proceeds to pay the HOA dues provides motive and intent evidence as it relates to the charged contempt. The defendants are charged with refusing to comply with Court orders to disclose bank accounts used or controlled by ABE. The United States is required to prove that the defendants willfully failed to comply with the Court order. The use of PPP loan proceeds to pay the outstanding HOA dues would have been exposed if the defendants complied with the court order. Their concealment of this evidence, despite a court order, is evidence of consciousness of guilt. Consciousness of guilt evidence may be relevant to motive, intent, plan, or knowledge. *United States v. Esparsen*, 930 F.2d 1461, 1476 n.16 (10th Cir. 1991), *quoted in United States v. Swan*, 494 Fed. App'x 838, 842 (10th Cir. 2012). *See also United States v. Strickland,* 509 F.2d 273, 276 (5th Cir. 1974) ("Concealment and falsification may reveal a consciousness of guilt and so help to carry the prosecutor's burden."). Here, the evidence of consciousness of guilt as it relates to the unidentified ABE bank accounts is relevant to the defendants' willfulness and motive in refusing to comply with the court's orders about those accounts.

"Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove <u>only</u> criminal disposition." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir.2001) (emphasis in original) (quotations omitted). The Tenth Circuit adopted a four-part inquiry regarding the admission of evidence pursuant to Rule 404(b): "(1) whether the evidence is offered for a proper purpose, (2) its relevancy,

(3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests." *United States v. Cardinas Garcia*, 596 F.3d 788, 797 (10th Cir. 2010) (citations and quotations omitted).

Here, the payment to High Rise Realty and use of PPP loan proceeds to pay BAVER's outstanding HOA dues satisfies the *Cardinas-Garcia* inquiry: 1) the evidence is being offered for a proper purpose – that is, it is evidence of the defendants' motive, knowledge, and intent both in making the false statements to obtain the PPP loan and in refusing to comply with court orders to identify bank accounts used or controlled by ABE; 2) it is directly relevant to central questions in this case: did the defendants knowingly make false statements to induce the bank to approve the PPP loan, and did the defendants willfully refuse to comply with a court order; and 3) the probative value is not substantially outweighed by the potential for unfair prejudice.

Evidence is unfairly prejudicial "if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (internal quotations and citations omitted).  If the evidence does "not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged," the Rule 403 balancing test "undeniably weighs in favor of admitting the evidence." *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir.1995). The use of the loan

proceeds to pay outstanding HOA dues is far less sensational or disturbing than the defendants' successful efforts to obtain a $10 million PPP loan for a business that had no paid employees prior to the pandemic.

## **CONCLUSION**

Evidence that the townhome property where the defendant resides had a lien for failure to pay HOA fees, that the property was scheduled for foreclosure, and that the defendant used PPP loan proceeds to pay the arrears to prevent foreclosure is admissible as intrinsic evidence of the charged offenses. It is also admissible under Rule 404(b) to establish motive, intent, and knowledge for the charged offenses of False Statements to a Bank, and Contempt. Accordingly, the defendant's motion in limine should be denied as this evidence. In addition, the Court should reserve ruling on the remainder of the defendant's motion as to her disputes with her neighbors, with the understanding that the United States will inform the Court and counsel if it believes that the defense has opened the door to the admission of this evidence.

DATED this 29th day of May 2023.

Respectfully Submitted,

TRINA A. HIGGINS
United States Attorney

*/s/ Jennifer K. Muyskens*
JENNIFER K. MUYSKENS
JAMIE Z. THOMAS
Assistant United States Attorneys