SCOTT KEITH WILSON, Federal Public Defender (7347)
KRISTEN R. ANGELOS, Assistant Federal Public Defender (#8314)
ROBERT K. HUNT, Assistant Federal Public Defender (#5722)
**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Email:   kris_angelos@fd.org and robert_hunt@fd.org

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON MARIE BAVER,<br><br>Defendant. | **MOTION IN LIMINE TO EXCLUDE DEFENDANT'S PRIOR LOAN AND TAX HISTORY**<br><br>Case No. 2:21-cr-00520 JNP |

Defendant, Allison Marie Baver, by and through counsel, Kristen R. Angelos and Robert K. Hunt, submits this Motion in Limine to Exclude Defendant's Prior Loan and Tax History. Herein, Ms. Baver asks that this Court exclude from trial all evidence of the following:

- Government Exhibit 62c (April 2020 letter from the SBA to Ms. Baver denying her a small business loan (application number XXXXXX7243) based on credit history);

- Government Exhibit 63c (April 2020 letter from the SBA to Ms. Baver denying her a small business loan (application number XXXXXX3819) based on credit history);

- Government Exhibit 64b (April 2020 letter from the SBA to Ms. Baver denying her a small business loan (application number XXXXXX3478) based on credit history);[1]

- Government Exhibit 65 (undated letter from Ms. Baver to Economic Injury Disaster Loan, another SBA type of loan, requesting reconsideration of the denial of loan application numbers ending --3478 and --7243); and

- Government Exhibit 66 (April 2020 letter from the IRS to Ms. Baver regarding a tax penalty for tax year 2010).

## ARGUMENT

**The Court Should Exclude from Trial Evidence of Ms. Baver's Previous Unrelated Loan Application Reasons for Denial, as well as Evidence of a 2010 Tax Issue.**

If evidence is relevant - if it "has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence" - it is admissible; evidence which is not relevant is not admissible. F.R.E. 401, 402. But under Rule 403, even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. F.R.E. 403; *United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989). Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter. *See United States v. Rodriguez,* 192 F.3d 946, 951 (10th Cir. 1999).

In this case, Ms. Baver has been charged with making false statements designed to influence a bank. *See* Second Superseding Indictment, ECF 47. This charge requires the

---

[1] Although not referenced in each letter, these three loan applications involve for three separate companies including Allison Baver Entertainment/Lash Media, Allison Baver New York, and High Rise Realty LLC.

2

Government to prove that:

1) The involved financial institution was federally insured;

2) the defendant made a false statement to the financial institution;

3) the defendant knew the statement was false when she made it; and

4) the defendant intended to influence the financial institution to act.

18 U.S.C. § 1014; Tenth Circuit Pattern Criminal Jury Inst. No. 2.48 (2021); *United States v. Grissom,* 44 F.3d 1507, 1510 (10th Cir. 1995).

In support of these charges, the Government made known its intent to offer five exhibits. The first four relate to three loan applications which Ms. Baver submitted on behalf of three different companies – and three rejection letters denying Ms. Baver based on credit history, and a letter from Ms. Baver requesting reconsideration. In contrast to the loans surrounding Exhibits 62c, 63c, 64b, and 65, the PPP loan for which Ms. Baver was applying in the instant case did not require a credit check and was not based on creditworthiness. *See* SMALL BUSINESS ADMINISTRATION, *Paycheck Protection Program Borrower Application Form*, March 2021, available at https://www.sba.gov/sites/sbagov/files/2021-03/BorrowerApplication2483ARPrevisions%20%28final%203-18-21%29-508.pdf. The qualifications for the loans in the exhibits and qualifications for the PPP loan were quite different.

That Ms. Baver had previously applied for loans and been denied based on her credit history does not make it more or less likely that she made a false statement on the PPP loan

application.[2] That she requested a reconsideration of the denial indicating reporting errors on her credit history is not relevant to whether Ms. Baver's PPP loan application contained a false statement either. As the PPP loan did not require a credit check, evidence of previous loans denied based on credit history are not relevant. There is simply nothing about these prior loan *denials* that is relevant to the current case. Having no relevance to this case, these four exhibits must be excluded.

Further, the zero probative value of these exhibits is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury, requiring exclusion under Rule 403. Admitting exhibits that portray Ms. Baver in a negative light because she applied for loans, but did not receive them because of credit history, will unfairly prejudice the jury against Ms. Baver. These exhibits are likely to provoke an emotional response from the jury, and encourage a verdict based on something other than the proper evidence of her actual guilt. Offering evidence of the *reasons* for the denial of other loans which Ms. Baver applied for but did not get based on creditworthiness confuses the issue of the loans she applied for and did receive in this case. And it misleads the jury to suggest that because Ms. Baver was denied these three loans based on her credit history that she was somehow also ineligible for or fraudulently obtained the PPP loan in this case based on these previous denials. There is a significant danger if the Court admits evidence of the three loan applications, and it should refuse to admit them. Government exhibits 62c, 63c, 64b, and 65 should be excluded.

---

[2] It should be noted that the Government will be bringing in the actual applications during trial. It is the subsequent letters sent to Ms. Baver and the reasons for denial that Ms. Baver currently seeks to exclude.

4

The last exhibit is a letter from the IRS to Ms. Baver discussing a 2010 tax issue. As with the earlier four exhibits, there is nothing in or about this tax letter – stemming from a 2010 tax issue – that makes it more or less likely that Ms. Baver submitted a false statement on a PPP loan ten years later. Absent any relevance to the case before this Court, this exhibit has no probative value whatsoever. This probative value (none) is also substantially and significantly outweighed by the danger of unfair prejudice and misleading the jury. Rather than encouraging the jury to base its verdict on the evidence relevant to the case presented, such evidence would encourage the jury to convict Ms. Baver on other grounds – that because she had past tax problems, she may have been dishonest in attempting to secure PPP funding (which again did not require creditworthiness). Encouraging the jury to render a verdict on irrelevant evidence unfairly prejudices Ms. Baver and misleads the jury in its duty. Such evidence has no place in this case and should be excluded by the Court. Government exhibit 66 must be excluded from trial.

## CONCLUSION

Based on the foregoing, Ms. Baver respectfully asks that this Court grant her Motion and exclude from trial Government Exhibits 62c, 63c, 64b, 65, and 66, and exclude all testimony relating thereto.

Respectfully submitted this 5th day of June, 2023.

/s/ Kristen R. Angelos
KRISTEN R. ANGELOS
Assistant Federal Defender


/s/ Robert K. Hunt
ROBERT K. HUNT
Assistant Federal Defender