IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ALLISON MARIE BAVER,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNT 10**<br><br>Case No. 2:21-cr-00520-JNP<br><br>District Judge Jill N. Parrish |

Before the court is a motion filed by Defendant Allison Marie Baver ("Ms. Baver") to sever count 10 of the Second Superseding Indictment. ECF No. 99. The court DENIES the motion.

## FACTUAL BACKGROUND

On December 15, 2021, the United States filed an indictment against Ms. Baver for eight counts of violating 18 U.S.C. § 1014 (False Statement to a Bank) and one count of violating 18 U.S.C. § 1957 (Money Laundering). Indictment, ECF No. 1. The charges arose from several Paycheck Protection Program ("PPP") loan applications that Ms. Baver had submitted on behalf of her company, Allison Baver Entertainment, LLC ("ABE"). *Id.* at 3–7.

Prior to indicting ABE as a codefendant, on May 6, 2022, the United States served ABE with a subpoena duces tecum requesting the production of "[d]ocuments reflecting any bank account (other than bank accounts held at Meridian Bank) in the name of Allison Baver Entertainment, or controlled by Allison Baver Entertainment, or used by Allison Baver Entertainment, during the time period from October 2019 through December 2020" by June 15, 2022. Second Superseding Indictment, ECF No. 47 at 9. On June 10, 2022, ABE's former counsel

filed a motion to quash the subpoena, which Judge Stewart denied.[1] *Id.* On June 22, 2022, former counsel for Ms. Baver filed a motion to intervene and quash the subpoena. *Id.* at 10. Judge Stewart denied Ms. Baver's motion to intervene and quash and ordered Ms. Baver and ABE (collectively, "Defendants") to comply by June 30, 2022. *Id.*

On July 8, 2022, ABE appealed Judge Stewart's order to the Tenth Circuit, which dismissed the appeal. *Id.* On September 14, 2022, Judge Stewart issued an order to show cause and ordered Ms. Baver and ABE to comply with the subpoena by September 28, 2022 or be held in contempt of court. *Id.* On October 19, 2022, the United States filed a Second Superseding Indictment against Defendants alleging that they were in contempt of court in violation of 18 U.S.C. § 401(3) for refusing to comply with the subpoena. ECF No. 47. Defendants still refuse to comply with the subpoena.

On May 8, 2023, Ms. Baver filed this motion to sever count 10 of the Second Superseding Indictment from counts 1–9. ECF No. 99. The court DENIES the motion to sever for the reasons explained below.

## LEGAL STANDARD

"[T]he propriety of joining offenses in a single instrument is typically determined by examining the allegations in the indictment. Some courts, however, have looked beyond the face of the indictment at other evidence to determine if joinder is proper." 1A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Crim. § 144 (5th ed. 2023). The Tenth Circuit has not

---

[1] The United States requested that this Court unseal case number 2:22-sc-00091-TS, which was sealed by Judge Ted Stewart. This Court will not unseal a case that has been sealed by another district court judge. If the United States wants that case unsealed, the United States will have to file a motion to unseal with Judge Stewart.

addressed whether courts are constrained to the indictment in determining joinder under Rule 8(a). *United States v. Burgess*, No. CR-20-132-RAW, 2021 WL 2414124, at *1 (E.D. Okla. June 14, 2021). Courts in this district have "review[ed] the indictment as well as representations made by the government in briefing" in making this determination. *Id.* However, the scope of the documents that the court may review is not a problem here as the court bases its analysis solely on the facts contained in the indictment.

## ANALYSIS

Ms. Baver argues that the United States improperly joined count 10 with counts 1–9 in violation of Rule 8(a) of the Federal Rules of Criminal Procedure. Alternatively, even if count 10 is properly joined, Ms. Baver requests that the court sever count 10 pursuant to Rule 14 of the Federal Rules of Criminal Procedure to avoid unfair prejudice. The court addresses the joinder argument and then moves to the severance argument.

### I. Joinder

The United States "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Courts consider statutory elements, temporal proximity, evidentiary overlap, physical location, motive, and victims' identities in evaluating whether offenses can be joined. *See United States v. Jawara,* 474 F.3d 565, 578 (9th Cir. 2007). "Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Morales*, 108 F.3d 1213, 1219 (10th Cir. 1997).

Joinder is appropriate where "there is a general interrelationship of the offenses . . . ." *United States v. Dunne*, 134 F. Supp. 2d 1231, 1235 (D. Utah 2001) (citing *United States v. Jones*,

578 F.2d 1332 (10th Cir. 1978)). This does not mean that all transactions can be joined. *See United States v. Buchanan*, 930 F. Supp. 657, 662 (D. Mass. 1996) ("One point seems both clear and prudent: A vague thematic connection among offenses may not support joinder. The government cannot link cases simply by changing the level of abstraction—namely that this case is about an abuse of trust, rather than about two distinct allegedly illegal schemes."). For example, counts cannot be joined when "[t]he Defendant himself appears to be the only connection between the two schemes . . . ." *United States v. Oaks*, 285 F. Supp. 3d 876, 880 (D. Md. 2018). But, so long as "the acts or transactions are 'connected together'" the offenses may be joined. *Gornick v. United States*, 320 F.2d 325, 326 (10th Cir. 1963) (internal citation omitted).

The United States argues that the contempt charge is connected with counts 1–9. The United States subpoenaed the bank records of ABE in order to trace the proceeds of the $10 million PPP loan. Defendants' refusal to comply with the subpoena prevented the United States from accounting for $158,000 in proceeds. ECF No. 106 at 13. How the loan proceeds were spent may be evidence of Defendants' motive in applying for the loan. Moreover, the status of the bank accounts held by ABE "go[es] directly to BAVER's claim about the operational status of ABE at the time the applications were submitted to the bank." *Id.* at 11.

However, Ms. Baver asserts that joinder is inappropriate because the other factors the court may consider weigh against joinder. Specifically, the attempted applications that resulted in counts 1– 9 did not occur contemporaneously with the refusal to comply that resulted in count 10; a contempt violation does not share the same elements as false statements to a bank or money laundering; there is no "overarching plot" behind the offenses; and the contempt violation occurred in a court related context while counts 1–9 occurred in a banking context. ECF No. 99 at 10. As a

4

preliminary matter, the United States does not need to satisfy *all* of the factors in order to join offenses.

> Rule 8 contemplates joinder in a range of circumstances, from those situations in which the relationship between and among offenses charged is clear—and the events pertaining to each inextricably tied to the others—to those circumstances in which the offenses are fairly discrete but sufficiently linked in fact and in character to permit a single trial.

*Buchanan*, 930 F. Supp. at 662. So long as there is a "logical relationship" between the charged offenses, joinder is appropriate. *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981).

The court finds the contrast between *United States v. Halper*, 590 F.2d 422, 429–430 (2d Cir. 1978) and *Anderson*, 642 F.2d 281 (9th Cir. 1981) informative in clarifying the degree of connection necessary to join offenses. In *Halper*, the United States tried Halper simultaneously on Medicare fraud and income tax evasion charges despite the fact that "the sums charged in the income tax evasion indictment were not the same funds embraced in the Medicaid fraud indictment" and the evidence admissible on one charge would not be admissible in the other. 590 F.2d at 429. The Second Circuit concluded that "[w]hatever connection exists here, it is entirely too speculative to justify joinder of indictments." *Id.*

In contrast, in *Anderson*, the Ninth Circuit concluded that a narcotics conspiracy charge was properly joined with an income tax evasion charge. 642 F.2d 281. "The financial evidence on the conspiracy counts was relevant to the tax counts, because it showed the source of Anderson's unexplained wealth." *Id.* at 284.

The court is persuaded that the relationship between the contempt charge and counts 1–9 is more similar to the joinder in *Anderson* than in *Halper*. Defendants were charged with contempt because they refused to provide the United States with the financial records needed to investigate

counts 1– 9. This may serve as evidence of Defendants' motives in both of the alleged offenses. In short, the court concludes that joinder is appropriate pursuant to Rule 8.

## II. Severance

Having determined that joinder is proper, the court moves to Ms. Baver's argument that count 10 should be severed to avoid unfair prejudice. "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Ms. Baver asserts that she will be prejudiced because a jury that convicts her on contempt will also convict her on counts 1– 9. ECF No. 99 at 14. "If the government is able to carry its burden of proof on the simpler charge of contempt, there is a real possibility that jurors could conclude that anyone who would disregard a court order would knowingly disregard financial laws as well." *Id.* But juries are presumed to be capable of distinguishing between these charges. *See United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989) ("The assumption that juries can and will follow the instructions they are given is fundamental to our system of justice."). The court is not persuaded that speculation about potential juror confusion warrants severing a properly joined offense.

Alternatively, Ms. Baver argues that she will be prejudiced because she intends to exercise her right to testify regarding counts 1–9 and may wish to exercise her right to remain silent regarding count 10.

> When a defendant moves for severance because he seeks to testify about some counts but not others, "no need for severance exists until the defendant makes a convincing showing that [ ]he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other."

6

*United States v. Thomas*, 752 F. App'x 606, 610 (10th Cir. 2018) (quoting *United States v. Jones*, 530 F.3d, 1292, 1300 (10th Cir. 2008)). Ms. Baver has not made such a showing. Thus, the court concludes that severance is unnecessary.

## CONCLUSION AND ORDER

For the aforementioned reasons, the court DENIES Ms. Baver's motion to sever count 10. ECF No. 99.

DATED June 6, 2023

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge