SCOTT KEITH WILSON, Federal Defender (#7347)
KRISTEN R. ANGELOS, Assistant Federal Defender (#8314)
ROBERT K. HUNT, Assistant Federal Defender (#5722)
**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Email: kris_angelos@fd.org and robert_hunt@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ALLISON MARIE BAVER, Defendant. | **DEFENDANT'S REQUEST TO AMEND PROPOSED JOINT FINAL INSTRUCTION NO. 34** <br><br> Case No. 2:21-cr-00520 <br><br> Judge Jill N. Parrish |

Defendant, Allison Marie Baver, by and through her attorneys of record, Kristen R. Angelos and Robert K. Hunt, submits *Defendant's Request to Amend Proposed Joint Final Instruction No. 34.*

Joint Instruction Number 34 defines "willfulness" for purposes of a contempt charge under 18 U.S.C. § 401(3). Although Ms. Baver jointly proposed this instruction with this definition, counsel has since realized that that definition misstates the mens rea for a violation of § 401(3).

The current instruction defines "willfulness" as "a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful." In support of this definition the

instruction cites *United States v. Themy-Kotronakis*, which in turn quotes the definition in a Seventh Circuit case from 1974. 140 F.3d 858, 864 (10th Cir. 1998) (quoting *United States v. Greyhound Corp.*, 508 F.2d 529, 531–32 (7th Cir.1974)). The Seventh Circuit has since concluded that a finding that a defendant should have been aware that his conduct was wrongful is inadequate to support a conviction under § 401. A defendant must at a minimum act recklessly for conviction under § 401, and the "should have been aware" formulation in *Greyhound* permits a conviction based on a defendant's negligence: "criminal recklessness is present only if the actor is conscious of a substantial risk that the prohibited events will come to pass." *United States v. Mottweiler*, 82 F.3d 769, 771 (7th Cir. 1996). *See also id.* at 772 ("negligence does not support a criminal conviction under § 401."); *United States v. Britton*, 731 F.3d 745, 750 (7th Cir. 2013) ("we agree that negligence ... is insufficient to sustain a conviction under 18 U.S.C. § 401(3).") (cleaned up); *In re Gates*, 600 F.3d 333, 342 (4th Cir. 2010) ("Negligence … is insufficient to sustain a conviction under 18 U.S.C. § 401(3)."); *United States v. Allen*, 587 F.3d 246, 255 (5th Cir. 2009) (clear error where district court "seems to have used a standard closer to negligence, rather than recklessness.").

The Fifth Circuit has reached the same conclusion, finding that a district court had clearly erred in including "should have been aware" in the mens rea for § 401(3): " 'willfulness' in the context of the criminal contempt statute at a minimum requires a finding of recklessness, which requires more than a finding that an individual 'reasonably should have known' that the relevant conduct was prohibited." *Allen*, 587 F.3d at 255. *See also United States v. Marquardo*, 149 F.3d 36, 43 n.4 (1st Cir. 1998) ("The 'willfulness' required for criminal contempt is the knowledge that one is violating a court order, not the knowledge that the violation of the order is a crime.").

2

Nor has the Tenth Circuit interpreted the standard in *Themy-Kotronakis* to permit a conviction based on negligence. The defendant in *Hayes v. SkyWest Airlines* complained on appeal that the district court's willfulness instruction permitted conviction "on the basis of negligence." 789 F. App'x 701, *704 (10th Cir. 2019). The Tenth Circuit disagreed, observing that the district court had quoted the standard from *Themy-Kotranakis* and then found defendant's conduct "was 'willful in this relevant sense' because she 'purposefully and deliberately directed the witness not to answer questions.' " *Id.* The "appropriate standard of willfulness" is one that doesn't permit conviction for " 'accidental, careless, or unintentional acts.' " *Id*. at 705 (quoting *United States v. Voss*, 82 F.3d 1521, 1530 (10th Cir. 1996)). Moreover, *Themy-Kotranakis* involved a defendant who knew of the orders at issue and two times "affirmed to FDA inspectors that he understood what the orders required." *Themy-Kotronakis*, 140 F.3d at 864. There was no occasion for the court to consider the standard for a defendant who didn't know of the court's orders.

Ms. Baver therefore asks the court to amend Joint Instruction No. 34 to include the language highlighted below:

### JOINT FINAL INSTRUCTION NO. 34
### Contempt, 18 U.S.C. § 401(3)

The defendants are charged in count ten with Contempt, in violation of 18 U.S.C. § 401(3). This law makes it a crime to violate a court order. To find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

- *First:* The court entered a reasonably specific order;
- *Second,* The defendant had actual knowledge of the court order;

- *Third,* The defendant disobeyed or disregarded the order; and
- *Fourth:* The defendant acted willfully in disobeying or disregarding the court order.

For purposes of this contempt charge, "willfully" means the defendant either knew or was aware of a substantial risk that his conduct was wrongful.

Your verdict must be unanimous. Count 10 of the Second Superseding Indictment alleges that the defendants disobeyed or disregarded two specific court orders - a June 14, 2022 order and a June 28, 2022 order. The government does not have to prove that a defendant disobeyed or disregarded both court orders for you to return a guilty verdict on Count 10. But, in order to return a guilty verdict on Count I0, you must unanimously agree that at least one court order was disobeyed or disregarded, and you must unanimously agree on the same court order that was disobeyed or disregarded. In addition, you must all agree that the government proved each of the other three elements.

DATED this 12th day of June, 2023.

/s/ Kristen R. Angelos
KRISTEN R. ANGELOS
Assistant Federal Public Defender


/s/ Robert K. Hunt
ROBERT K. HUNT
Assistant Federal Public Defender