SCOTT KEITH WILSON, Federal Public Defender (7347)
KRISTEN R. ANGELOS, Assistant Federal Public Defender (#8314)
ROBERT K. HUNT, Assistant Federal Public Defender (#5722)
**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Email:  kris_angelos@fd.org and robert_hunt@fd.org

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALLISON MARIE BAVER, <br><br> Defendant. | **MOTION TO QUASH BLAKE HAMILTON'S TESTIMONY** <br><br><br> Case No. 2:21-cr-00520 JNP |

Defendant Allison Marie Baver, by and through her attorneys of record, pursuant to Rule 45(d)(3) of the Federal Rules of Criminal Procedure, hereby moves to quash the subpoena to Ms. Baver's former counsel of record, R. Blake Hamilton. This Motion is supported by the following memorandum of points and authorities.

### FACTUAL BACKGROUND

1.      Attorney R. Blake Hamilton of the law firm Dentons Durham Jones Pinegar, P.C., represented Ms. Baver in this case from January 2022 to November 2022. Mr. Hamilton also represented Allison Baver Entertainment, LLC ("ABE") during approximately the same period.

2. On June 1, 2023, Assistant United States Attorney Jen Muyskens sent a Supboena to Testify at a Hearing or Trial in a Criminal Case to Mr. Hamilton.

3. Mr. Hamilton is not a witness to any of the events that underlie the charges against Ms. Baver relating to the PPP loans.

4. Ms. Muyskens has indicated that the Government intends to call Mr. Hamilton to testify regarding the contempt charge against Ms. Baver in order to testify regarding his communications with ABE and/or Ms. Baver regarding a grand jury subpoena directed at ABE.

5. Neither Ms. Baver nor ABE have waived the attorney-client privilege with respect to their communications with Mr. Hamilton.

## ARGUMENT

### I. TESTIMONY FROM MR. HAMILTON IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE AND DUTY OF CONFIDENTIALITY, WHICH HAS NOT BEEN WAIVED.

The attorney-client privilege protects communications made in confidence by a client to her lawyer for the purpose of obtaining legal advice, and from lawyer to client. Rule 1.9(c) and 1.6 of the Utah Rules of Professional Conduct prevent lawyers from disclosing information relating to the representation of a client, subject to few exceptions, unless the client gives informed consent. Without consent from the client, a lawyer has an ethical duty to resist a subpoena if the production.

The attorney-client privilege belongs to the client, and an attorney cannot waive that privilege without the client's consent. *In re Vargas*, 723 F.2d 1461, 1466 (10th Cir. 1983). Counsel for Ms. Baver has informed Mr. Hamilton that Ms. Baver will not be waiving her attorney-client privilege. ABE is currently without representation, but has not made any

2

indication that it waives its attorney-client privilege with Mr. Hamilton. As such, Mr. Hamilton

is ethically bound not to testify in response to the subpoena.

## II.        TESTIMONY FROM MR. HAMILTON IS NOT ADMISSIBLE.

The Court should not permit the Government to call Mr. Hamilton as a witness because

any testimony from Mr. Hamilton will not be admissible at trial. Mr. Hamilton's only knowledge

about this case came from his representation of Ms. Baver and ABE, and he is not competent to

testify regarding matters that he did not personally witness. Fed. R. Evid. 602.

Furthermore, compelling Mr. Hamilton to testify regarding information he gained as part

of his representation of Ms. Baver offends basic principles of justice. If this were not the case,

defendants who changed counsel would regularly be exposed to the risk that their former

attorney would be subpoenaed by the Government to testify or provide documents against them.

"In general, the practice of forcing trial counsel to testify as a witness has long been discouraged

and should be employed only in limited circumstances." *Probert v. The Clorox Company*, 258

F.R.D. 491, 496 (D. Utah 2009) (internal quotations omitted).

By way of comparison, in the civil context, parties compelling testimony from opposing

counsel through a deposition is frowned upon in the Tenth Circuit, even if the attorney has

relevant, non-privileged information. *See United State v. Hansen*, 233 F.R.D. 665, 668 n.1

(S.D.Ca. 2005). The Tenth Circuit applies a three part test which must be satisfied in order to

depose an opposing attorney in a case: "(1) no other means exist to obtain the information than to

depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the

information is crucial to the preparation of the case." *Boughton v. Cotter Corp.*, 65 F.3d 823, 829

(10th Cir. 1995).

Applying these factors, Mr. Hamilton's testimony is not admissible. All of his knowledge regarding Ms. Baver or ABE is privileged, and even if it is not, the Government has not shown that it does not have other means to obtain the information or that the information it seeks is crucial to its case against Ms. Baver. For these reasons, even if the information the Government seeks from Mr. Hamilton is not privileged, it must show that it did not have any other means to obtain that information, which it has not done.

## **CONCLUSION**

For these reasons, the Court should quash the subpoena for trial testimony to Mr. Hamilton. Respectfully submitted this 16th day of June, 2023.

*/s/ Kristen R. Angelos*
KRISTEN R. ANGELOS
Assistant Federal Defender

*/s/ Robert K. Hunt*
ROBERT K. HUNT
Assistant Federal Defender

SLC_1131539.1