IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **ALLISON MARIE BAVER and ALLISON BAVER ENTERTAINMENT, LLC,**  Defendants. | **MEMORANDUM DECISION & ORDER GRANTING PLAINTIFF'S MOTION TO UNSEAL**  Case No. 2:21-cr-00520-JNP  District Judge Jill N. Parrish |

Before the court is a motion filed by Plaintiff, the United States of America requesting the court unseal the following pleadings: Defendant's Motion to Release Grand Jury Transcripts, Defendant's Amended Motion to Release Grand Jury Transcripts, Motion to Dismiss Counts 1–8, Motion in Limine to Exclude Witness Nick Patel, Motion in Limine to Exclude Evidence Involving Neighbor and HOA, and Motion in Limine to Admit Supporting Documentation. ECF Nos. 79, 82, 83, 91, 102, and 104. The court GRANTS the motion.

On October 19, 2022, a grand jury indicted Defendants Allison Marie Baver ("Ms. Baver") and Allison Baver Entertainment, LLC ("ABE") on eight counts of violating 18 U.S.C. § 1014, one count of violating 18 U.S.C. § 1957, and one count of violating 18 U.S.C. § 401(3). Second Superseding Indictment, ECF No. 47. A trial date has been set for June 26, 2023. In the interim, Ms. Baver has filed several motions and reply briefs under seal. *See* ECF Nos. 79, 82, 83, 87, 91, 98, 100, 102, and 104. The United States has filed its responses to these motions under seal. *See* ECF Nos. 84, 96.

## LEGAL STANDARD

"Courts have long recognized a common-law right of access to judicial records." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1241 (10th Cir. 2012)).

> The records of the court are presumptively open to the public. The sealing of cases, pleadings, motions, memoranda, exhibits, and other documents or portions thereof (Documents) is generally discouraged. Unless restricted by statute, case law, court order, the Federal Rules of Criminal Procedure, or these local rules, the public will have access to all Documents filed with the court and to all court proceedings. Counsel are encouraged to publicly file Documents and to redact personal identifiers, as set forth in Fed. R. Crim. P. 49.1, and confidential portions of a Document when they are not directly pertinent to the issues before the court.

DUCrimR 49-2(a).

However, the "right is not absolute." *Colony Ins. Co.*, 698 F.3d at 1241. "Documents containing sensitive, confidential, or personal information for or about a defendant . . . may be sealed without a motion or prior approval from the court." DUCrimR 49-2(c)(3). The party seeking to seal the documents, "bears the burden of showing some significant interest that outweighs the presumption." *Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (internal quotation omitted). "On a motion of any party and a showing of good cause, or on the court's own initiative, the court may order that all or a portion of a Document . . . be unsealed after providing the parties with an opportunity to justify the continued sealing of the Document or case." DUCrimR 49-2(d).

## ANALYSIS

As a preliminary matter, Ms. Baver has withdrawn the motions corresponding to ECF Nos. 102 and 104 and filed unsealed versions of these motions as ECF Nos. 113 and 117. Thus, the court finds that the United States' request with respect to unsealing these two motions is MOOT.

Ms. Baver argues that the court should continue to seal the pleadings because they contain information that Ms. Baver has a substantial interest in keeping private, and because unsealing the documents "has the strong likelihood of preventing Ms. Baver from receiving a fair trial, if the case is argued in the press prior to actually going to trial." ECF No. 115 at 4. The court is not persuaded by either of Ms. Baver's arguments.

The court addresses Ms. Baver's fair trial argument first. Ms. Baver cites *United States v. McVeigh*, 119 F.3d 806 (10th Cir. 1997) for the proposition that a court may seal judicial records in a criminal trial where the documents will "produce '[a] substantial likelihood of denial of the right of any person to a fair trial.'" *Id.* at 809 n.3 (quoting 28 C.F.R. § 50.9(c)(6)). However, *McVeigh* was an "extraordinary" "high-profile case" concerning the Oklahoma City bombings. *Id.* at 813. And even under the circumstances in *McVeigh*, the district court did not seal the entirety of the motions, but rather redacted inadmissible or overly prejudicial materials referenced therein. *Id.* at 813–15.

The court is not persuaded that this case, which involves Paycheck Protection Program fraud, warrants the same kind of consideration as *McVeigh*. *Id.* at 813. Even if this were the case, "parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). Ms. Baver has not met this burden by simply asserting that her right to a fair trial may be impacted.

3

Alternatively, Ms. Baver argues that the pleadings should remain sealed because they contain "personal financial and bank information, confidential settlement agreements and negotiations, and the personal information and statements of third parties unrelated to this case who have privacy interests at stake in unsealing." ECF No. 115 at 4. However, the entire pleading does not need to be sealed in order to protect the relevant privacy interests. Identifying information can be redacted. In short, the court is not persuaded that Ms. Baver has met the "high burden" necessary to overcome the presumption in favor of public disclosure. *Jonna v. GIBF GP, Inc.*, No. 22-10208, 2023 WL 3244832, at *1 (E.D. Mich. May 4, 2023).

Having concluded that the pleadings should be unsealed, the court addresses Ms. Baver's requests regarding specific documents referenced in the pleadings. First, Ms. Baver requests that the court continue to seal ABE's bank records. As there is a "compelling government interest in preserving the secrecy of personal financial records," the court grants Ms. Baver's request. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 477 (6th Cir. 1983). ECF Nos. 79-3, 79-4, 79-11–14, 82-3, 82-4, 82-11–14 are to remain sealed.

Next, Ms. Baver requests that documents containing ABE's EIN number remain sealed. Having reviewed the exhibits, the court believes that Defendants' privacy interests can be protected by redacting the EIN number from the relevant documents. *See Jonna*, 2023 WL 3244832, at *3 ("The only potential private information—the credit card information—can be redacted without sealing the entirety of the document."). Ms. Baver is instructed to file a redacted copy of the documents that include ABE's EIN number in accordance with DUCrimR 49.1-1(a).

Third, Ms. Baver requests that the court seal any documents provided by Ms. Baver's former counsel to the United States as part of Ms. Baver's reverse proffer. *See* ECF Nos. 79-15,

4

82-15, 91-1, 91-3, 100-1.[1] "[A] statement made during plea discussions with an attorney for the prosecutor authority" that does not end in a guilty plea is inadmissible against the defendant. Fed. R. Evid. 410(a)(4); *State v. Pearson*, 818 P.2d 581, 584 (Utah Ct. App. 1991) ("[P]arties' plea negotiations were inadmissible evidence."). "[C]ourts have steadfastly safeguarded against disclosure of lawyers' mental impressions and legal theories." *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981). As the documents in question were provided to the United States by Ms. Baver's former counsel as part of the reverse proffer and contain former counsel's legal theories, the court is convinced to continue to seal these exhibits.

Finally, Ms. Baver requests that the court redact the names of third parties and unrelated individuals contained in ECF Nos. 79-16–22, 82-16–22.

> When a motion to unseal is filed and granted or a seal is set to expire, at least 10 days before the seal expires, the filing party must provide to the Clerk's Office a copy of the document that redacts the personal identifiers listed in Fed. R. Crim. P. 49.1. The redacted copy will be added to the docket and become available to the public at the time the seal expires.

DUCrimR 49.1-1(a)(2). As Ms. Baver initially filed the documents that contain the names of the third parties, she is instructed to file a redacted copy of these documents to the Clerk's Office.

## CONCLUSION & ORDER

For the aforementioned reasons, the court orders the following:

1) The Motion to Release Grand Jury Transcripts (ECF No. 79) and the Amended Motion to Release Grand Jury Transcripts (ECF No. 82) shall be unsealed. Exhibits corresponding to ECF Nos. 79-3, 79-4, 79-11–79-14, 82-3, 82-4, 82-11–82-14 are to remain sealed. Ms.

---

[1] Ms. Baver requests to withdraw exhibit 91-4 and substitute it with a one-page exhibit from the same document. As the request is unopposed, the court GRANTS it.

Baver shall file a copy of the exhibits corresponding to ECF Nos. 79-5, 79-16–22, 82-5, 82-16–22, with the EIN number and names of third parties redacted. The response filed by the United States (ECF No. 84) and the reply filed by Ms. Baver (ECF No. 87) shall be unsealed.

2) The Motion to Dismiss Counts 1–8 (ECF No. 83) shall be unsealed.

3) The Motion to Exclude Witness Nick Patel (ECF No. 91), the response brief filed by the United States (ECF No. 96), the reply brief filed by Ms. Baver (ECF No. 98), and the notice of supplemental exhibit (ECF No. 100), shall be unsealed. Ms. Baver may substitute a one-page exhibit as ECF No. 91-4. ECF Nos. 79-15, 82-15, 91-1, 91-3, and 100-1 shall remain sealed.

4) The brief filed by the United States in response to Ms. Baver's motion to sever count 10 (ECF No. 106) shall be unsealed.

DATED June 22, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge