UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALLISON MARIE BAVER,<br><br>Defendant. | **AMENDED PRELIMINARY ORDER OF FORFEITURE**<br><br>Case No. 2:21-cr-00520-JNP<br><br>Judge Jill N. Parrish |

Based on the government's Motion for Amended Preliminary Order of Forfeiture, and good cause appearing, the Court GRANTS the motion.

This Amended Preliminary Order of Forfeiture amends and replaces the Court's previous order (ECF No. 207).

Considering the jury's verdict finding the defendant guilty of Counts Six and Nine of the Second Superseding Indictment charging the defendant with false statement designed to influence a bank in violation of 18 U.S.C. § 1014, and money laundering in violation of 18 U.S.C. § 1957, respectively, the defendant must forfeit to the United States: 1) under 18 U.S.C. § 982(a)(1), any property, real or personal, involved in the money laundering, or any property traceable to such property; and 2) under 18 U.S.C. § 981(a)(1)(C) (applicable under 28 U.S.C. § 2461(c)), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the false statement designed to influence a bank.

Based on the evidence offered at trial, the information in the United States' motion, the motion to amend the preliminary order, and the jury's verdict of guilty on Counts Six and Nine of the Second Superseding Indictment, such property includes:

- $9,016,830.76 seized from FIB 4629;

- $465,936.99 seized from Meridian Bank account ending in 8439;

- $33,932.39 seized from Meridian Bank account ending in 2022;

- $22,018.81 seized from Meridian Bank account ending 4101; and

- All payments due and owing to Allison Baver Entertainment, LLC by Fintage Collection Account Management B.V. under the terms and conditions of a Collection Account Management Agreement entered into between ABE and Fintage Collection on June 6, 2020, including $153,549.52 in payments already made by Fintage Collection Account Management B.V. to the United States;

("Subject Properties").

Pursuant to FED. R. CRIM. P. 32.2(b)(1)(A) and (b)(2)(A), the Subject Properties are subject to forfeiture under 18 U.S.C. §§ 982(a)(1) and 981(a)(1)(C) because the United States has established the requisite nexus between the property and the offense.

Based on the evidence offered at trial, the information in the United States' motion, and jury's verdict of guilty on Counts Six and Nine of the Second Superseding Indictment: 1) the total value of property constituting, or derived from, proceeds obtained directly or indirectly, by the defendant as a result of her false statement designed to influence a bank in Count Six was $10,000,000; and 2) the total value of property, real or personal, involved in the defendant's Money Laundering in Count Six was $150,000.

Accordingly, **IT IS HEREBY ORDERED**:

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and FED. R. CRIM. P. 32.2(b), all right, title, and interest in the Subject Properties are preliminarily forfeited to the United States of America.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and Fed. R. Crim. P. 32.2(b), the court imposes against Allison Marie Baver a forfeiture money judgment of $10,000,000. Pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b), the Court imposes against Allison Marie Baver a concurrent forfeiture money judgment of $150,000. Under Fed. R. Crim. P. 32.2(b)(4), these money judgments shall become final at the time of the defendant's sentencing. The amount of these money judgments shall be reduced by the value the United States obtains from successfully forfeiting any specific assets.

Under Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or designee) is authorized to seize the Subject Properties, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence an ancillary proceeding under 21 U.S.C. § 853(n) to account for potential third-party interests.

Prior to the Court entering a final order of forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) and the United States acquiring clear title to the Subject Properties under 21 U.S.C. § 853(n)(7), the government shall comply with the below-outlined provisions regarding the potential interests of third parties in the Subject Properties.

Under 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order on the government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Properties.

Under 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the Subject Properties may, within thirty days of the final publication of notice or receipt of

3

notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Properties.

Under 21 U.S.C. § 853(n)(3), any third-party petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Properties, any additional facts supporting the petitioner's claims, and the relief sought.

Under FED. R. CRIM. P. 32.2(c)(1)(B), after the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Under FED. R. CRIM. P. 32.2(b)(4), this order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under FED. R. CRIM. P. 32.2(e).

SO ORDERED July 26, 2024.

BY THE COURT:

_____
Jill N. Parrish
United States District Court Judge