TRINA A. HIGGINS, United States Attorney (7939)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ALLISON MARIE BAVER,<br><br>                    Defendant. | UNITED STATES' MOTION TO DISMISS THIRD-PARTY PETITION<br><br>Case No. 2:21-CR-00520-JNP<br><br>Judge Jill N. Parrish |
| ALLLISON BAVER ENTERTAINMENT, LLC<br><br>                    Third-Party Petitioner | |

### INTRODUCTION AND RELIEF SOUGHT

Allison Baver Entertainment, LLC (ABE) has filed a third-party petition claiming an interest in property ordered forfeited in the court's Preliminary Order of Forfeiture (ECF 210) including:

1. $9,016,830.76 seized from First Internet Bank Account ending in 4629;

2. $465,936.99 seized from Meridian Bank Account ending in 8439;

3. $33,932.39 seized from Meridian Bank Account ending in 2022;

4. $22,018.81 seized from Meridian Bank Account ending in 4101; and

     5. All payments due and owing to Allison Baver Entertainment, LLC by Fintage Collection Account Management, BV under the terms and conditions of a Collection Account Management Agreement entered into between Allison Baver Entertainment, LLC and Fintage Collection on June 6, 2020;

(Subject Property).

Pursuant to FED. R. CRIM. P. 32.2(c)(1)(A), the United States of America moves the Court to dismiss the petition for failure to state a claim and lack of standing. ABE cannot have a superior interest in the Subject Property under 21 U.S.C. § 853(n)(6)(A) because the Subject Property is criminal proceeds, and a third party can likely never have a superior interest in criminal proceeds. Nor can ABE be a bona fide purchaser under § 853(n)(6)(B) because the imputed knowledge of its single member and sole owner and controller, the defendant, means ABE cannot have been "reasonably without cause to believe that the property was subject to forfeiture." Even if ABE amended its petition to properly state a theory of relief under 21 U.S.C. § 853(n)(6), ABE will not be able to state a valid claim for relief under either cause of action available to third-party petitioners under that statute. Consequently, amendment would be futile[1] and the United States requests that the dismissal be with prejudice.

FACTS

### A. Background

On October 19, 2022, a Second Superseding Indictment charged Allison Marie Baver in Count Six with False Statement Designed to Influence a Bank in violation of 18 U.S.C. § 1014 and in Count Nine with Money Laundering in violation of 18 U.S.C. § 1957.

---

[1] A futile amendment is one that fails to state a valid theory or liability or could not withstand a motion to dismiss. *Reagan v. Bankers Trust Co.*, 863 F. Supp. 1511, 1519 (D. Utah 1994); *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992).

On July 13, 2023, a jury found Baver guilty of various charges including Count Six and Count Nine. *See* Verdict Form, ECF 179.[2]

On July 26, 2024, this court ordered the Subject Property forfeited to the United States because the United States had established the nexus between the property and the offenses. Am. Forfeiture Order 2, ECF 210.

On August 14, 2024, ABE filed a petition claiming an interest in the Subject Property. Claim of Allison Baver Entertainment, LLC (Pet.), ECF 218. In its petition, ABE scantily alleges it has an interest in the Subject Property as "owner of the bank accounts from which the property was seized and as the recipient of the property from the United States in the form of a valid PPP loan." Pet. 2.

### B. Trial evidence related to proceeds of False Statement Designed to Influence a Bank in Violation of 18 U.S.C. § 1014.

Baver's convictions stem from her conduct in fraudulently obtaining a Paycheck Protection Loan (PPP) from Meridian Bank for her company, ABE on April 25, 2020. ABE was a single-member LLC that was controlled exclusively by Baver. ABE elected to be taxed as an S corporation, a pass-through entity. Ex. 1 (election by a Small Business Corporation). As proven at trial, Baver submitted a PPP loan application to Meridian Bank on April 25, 2020 (GX 16c).[3] In the application, Baver fraudulently represented that ABE had $4,770,583 in average monthly payroll and 430 employees. In reality, ABE did not have any payroll, or any employees, and

---

[2] As a result of dismissal of certain counts from the Second Superseding Indictment prior to the jury's deliberations, Count Six was listed on the verdict form as "I) Count," and Count Nine was listed on the verdict form as "III) Count."

[3] Cited trial exhibits are attached to the motion and redacted according to the court's rules.

3

consequently was not eligible for a PPP loan. As a result of the fraudulent loan application, Meridian Bank approved the application and ABE received the $10,000,000 PPP loan into ABE's Meridian Bank 2022[4] on May 11, 2020 (see ABE Meridian Bank Account Statements, GX 26, pg. 1). As shown at trial, Baver opened multiple bank accounts at Meridian Bank to receive and hold the PPP loan proceeds.

On June 15, 2020, ABE transferred $5,000,000 of the PPP loan proceeds from ABE's Meridian Bank 8439 to ABE's First Internet Bank (FIB) 4629. GX 26, pg. 12; GX 31b, pg. 1. The prior balance of FIB 4629 was $0. GX 31b, pg. 1. On July 27, 2020, ABE transferred another $4,000,000 of the PPP loan proceeds from ABE's Meridian Bank 8439 to FIB 4629. GX 26, pg. 23; GX 31d, pg. 1. As of September 30, 2020, FIB 4629 had a balance of $9,016,830.76. GX 31e. Pursuant to a seizure warrant authorized in the District of Utah by Magistrate Judge Daphne A. Oberg, on or about October 9, 2020, the Federal Bureau of Investigation seized $9,016,830.76 from FIB 4629 as proceeds of ABE's PPP loan from Meridian Bank. *See* In the Matter of the Seizure of Assets Listed in Attachment A, No. 2:20-mj-808-DAO.

Pursuant to the same seizure warrant, on or about October 9, 2020, the FBI seized $465,936.99 from ABE's Meridian Bank 8439; $33,932.39 from ABE's Meridian Bank 2022; and $22,018.81 from Meridian Bank 4101, as proceeds of the fraudulently obtained PPP loan. *Id*.

### C. Trial evidence related to property involved in Money Laundering in violation of 18 U.S.C. § 1957.

As shown at trial, Baver paid $150,000 of the PPP loan proceeds to Company X Productions, LLC, using ABE's Meridian Bank 2022. GX 26, pg. 19; GX 27. This $150,000

---

[4] All bank account references will include the bank name followed by the last four digits of the account.

payment was an investment in a film titled No Man of God. The $150,000 payment was charged as the money laundering offense in Count Nine for which the jury convicted Baver.

On December 15, 2021, Magistrate Judge Jared C. Bennett authorized a post-indictment restraining order in this case under 21 U.S.C. § 853(e)(1)(A). The order restrained all payments due and owing to ABE from Fintage Collection Account Management B.V. ("Fintage Collection") under the terms and conditions of the Collection Account Management Agreement (GX 45) entered between ABE and Fintage Collection on June 6, 2020. ABE was set to receive the payments under the Collection Account Management Agreement based on the $150,000 payment to Company X Productions, LLC. Pursuant to the restraining order, Fintage Collection paid the U.S. Marshals Service $153,549.52.

### D.  ABE's petition and interests claimed.

In its petition, ABE alleges the following interest in the Subject Property:

> Claimant has an interest in the property as the owner of the bank accounts from which the property was seized and as the recipient of the property from the United States in the form of a valid PPP loan.

Pet. 2, ECF 218.

### STANDARD OF REVIEW

"In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." FED. R. CRIM. P. 32.2(c)(1)(A). "For purposes of the motion, the facts set forth in the petition are assumed to be true." Id. "Such a motion is treated like a motion under Federal Rule of Civil Procedure 12(b)." United States v. Kingston, No. 2:18-CR-00365-JNP, 2023 WL 6963115, at *2 (D. Utah Oct. 20, 2023) (unpublished) (quoting United States v. Ceballos-Lepe, 977 F.Supp.2d 1085, 1088 (D.

Utah 2013)). "[T]he petition may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the petitioner's allegations." *Ceballos-Lepe*, 977 F. Supp. 2d at 1088. Under Rule 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007)). A court must accept all well-pled factual allegations as true. *Iqbal*, 556 U.S. at 678. However, a court is not required to accept as true conclusory allegations or legal conclusions couched as factual allegations. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A plausible claim is one that includes facts that allow the court to reasonably infer that the claim entitles the petitioner to relief. *United States v. Recendez*, No. 2:20-CR-00227-RJS, 2024 WL 1197705, at *3 (D. Utah Mar. 20, 2024) (unpublished) (internal quotation omitted).

## APPLICABLE FEDERAL LAW

Under 18 U.S.C. § 981(a)(1)(C) (applicable via 28 U.S.C. § 2461(c)), a defendant convicted of False Statement Designed to Influence a Bank (18 U.S.C. § 1014), must forfeit "any property, real or personal, that constitutes or is derived from proceeds traceable" to the offense."

The purpose of the ancillary proceeding is to allow third parties who assert an ownership interest in forfeited property an opportunity to amend the preliminary order of forfeiture to exclude their interest. *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008); *United States v. Evanson*, 2:05CR00805-TC, 2008 WL 3107332, at *2 n.3 (D. Utah Aug. 4, 2008)

(unpublished) ("ownership is determined in the ancillary proceeding."). "Accordingly, the one and only purpose of the ancillary proceeding is to determine the ownership of the property." Stefan D. Casella, *Asset Forfeiture Law in the United States* 936 (3rd ed. 2022).

The law has certain requirements for petitions claiming an interest in forfeited property. The petitioner must state, under oath, the nature and extent of the alleged interest, the time and circumstances under which the interest was acquired, other facts supporting the petition, and the relief sought. 21 U.S.C. § 853(n)(3). These standards are strictly construed to discourage false or frivolous claims. *United States v. Recendez*, No. 2:20-cr-00227-RJS, 2023 WL 4868569, at *5 (D. Utah July 31, 2023) (unpublished). Conclusory statements of entitlement to relief are not sufficient. *Id.*; *United States v. Furando*, 40 F.4th 567 (7th Cir. 2022) (section 853(n)(3) requires more than a conclusory statement that the claimant has a valid third-party interest in the forfeited property; it must be supported by references to state law that support the claim and documents showing the date and manner in which the interest was acquired).

To claim an ownership interest, a third party must allege a "legal interest in the property which has been forfeited to the United States." 21 U.S.C. § 853(n)(2). State law defines the legal interest. *Andrews*, 530 F.3d at 1238 ("We recognize that in federal forfeiture proceedings, ownership interests (including constructive trusts) are defined by state law"); *United States v. Brinton*, 880 F. Supp. 2d 1158, 1160 (D. Utah 2012).[5] However, the only state law interests

---

[5] However, the application of state law is not inviolate. For example, some courts have departed from state law when necessary to avoid frustrating the purposes of the forfeiture law. *United States v. Oregon*, 671 F.3d 484, 490 n.8 (4th Cir. 2012) (the court may depart from state law where it appears the claimant "has manipulated state law property rights to shield property assets from the reach of forfeiture law"); *United States v. Totaro*, 345 F.3d 989, 994 (8th Cir. 2003) (court looks to state law "so long as doing so does not frustrate a federal interest").

sufficient to overcome the forfeiture are legal interests under 21 U.S.C. § 853(n)(2) that meet the requirements of either 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B) and do not violate the relation-back doctrine in 21 U.S.C. § 853(c). *See, e.g.*, *Recendez*, 2023 WL 4868569 at *2 (third parties have relief under two narrow categories in 21 U.S.C. § 853(n)(6)(A) and (n)(6)(B)); *Ceballos-Lepe*, 977 F. Supp. 2d at 1090–91 (petitioner must show legal interest in specific asset subject to forfeiture; general interest insufficient); *United States v. Ramunno*, 599 F.3d 1269, 1274 (11th Cir. 2010) ("we apply federal law to determine whether [claimant's] interest is a 'legal interest' under § 853(n)(6)(A)) and whether it was superior to [defendant's] interest at the time of the fraud"); *United States v. Weiss*, 467 F.3d 1300, 1308–09 (11th Cir. 2006) (a mere nominee lacks the legal interest necessary to establish standing); *Brinton*, 880 F.Supp.2d at 1161 (under the relation-back doctrine title to a house purchased with proceeds vested in United States as soon as proceeds were used to make the purchase); *United States v. Watts*, 786 F.3d 152, 166–67 (2d Cir. 2015) ("by definition, the proceeds of an offense do not exist before the offense is committed, and because the government's interest under the relation-back doctrine immediately vests upon the commission of that offense," the proceeds "belong to the government from the moment that they come into existence.").

      To establish an interest that entitles the petitioner to forfeited property, the facts alleged in the petition must plausibly establish that the petitioner has a (1) a legal interest in the property; and (2) that such right, title, or interest was superior to that of Baver at the time of the commission of the acts which gave rise to the forfeiture of the property under § 853(n)(6)(A); or (3) that he or she was a bona fide purchaser for value of the right, title, or interest in the property and was, at the time of purchase, reasonably without cause to believe that the property was

subject to forfeiture under § 853(n)(6)(B). *Recendez*, 2023 WL 4868569 at *2 ("These are the 'two narrow [categories] of third parties' entitled to relief under the statute."). A petition that fails to allege all elements necessary for recovery may, upon the government's motion, be dismissed by the court without a hearing. *Furando*, 40 F.4th at 577 (citing *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996)); *see also United States v. Sigillito*, 938 F. Supp. 2d 877, 884 (E.D. Mo. 2013) (The court is not required to hold a hearing on a petition if it is clear that the petitioner could not prevail.).

## APPLICABLE UTAH LAW

Petitioner alleges an interest in the Subject Property as the owner of bank accounts into which the SBA deposited the fraudulently obtained PPP loan fraud proceeds.

Under Utah law, corporate entities only act through their agents including their officers and employees. *Lane v. Provo Rehab. & Nursing*, 2018 UT App 10, ¶ 27. The knowledge of a corporate entity's officers and agents is imputed to the corporate entity. *Id*. Specifically, "'the knowledge of [an] agent concerning the business which he is transacting for his principal is to be imputed to his principal.'" *Id*. This is because the law presumes the agent will disclose such knowledge to the principal. *Wardley Better Homes & Gardens v. Cannon*, 2002 UT 99, ¶ 16. The imputation broadly includes "*all notice or knowledge* relating to the subject-matter of the agency which the agent acquires or obtains while acting as such agent and within the scope of his authority." *Id*. (emphasis in original; internal quotation marks removed).

## ARGUMENT

**A. As a matter of law, ABE cannot have had an interest superior to the United States' interest in the fraudulently obtained PPP loan proceeds.**

ABE cannot except any interest from the forfeiture under 21 U.S.C. § 853(n)(6)(A) because it cannot claim a superior interest in criminal proceeds. Under 21 U.S.C. § 853(c) "[a]ll right, title, and interest in property . . . vests in the United States upon the commission of the act giving rise to forfeiture. . . ." In other words, under this "relation-back doctrine," the moment criminal proceeds come into existence, the United States' interest vests, and the proceeds become forfeitable. *Luis v. United States*, 578 U.S. 5, 13–14 (2016) ("[T]itle to property used to commit a crime (or otherwise 'traceable' to a crime) often passes to the Government at the instant the crime is planned or committed.").

Section 853(n)(6)(A) applies only to "third parties who had an interest in property before the subject crime was committed (and so before the government's interest vested.")." *United States v. Swartz*, 391 F.Supp.3d 199, 210 (N.D.N.Y. 2019). Accordingly, as the Ninth Circuit has explained, 21 U.S.C. § 853(n)(6)(A) "is likely never to apply to proceeds of the crime" because "proceeds of crime . . . do not precede the crime." *United States v. Hooper*, 229 F.3d 818, 822 (9th Cir. 2000). Indeed, "by definition, the proceeds of an offense do not exist before the offense is committed, and because the government's interest under the relation-back doctrine immediately vests upon the commission of that offense," the proceeds "belong to the government from the moment that they come into existence." *Watts*, 786 F.3d at (citations and quotation marks omitted); *see also United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007) (citing *Hooper* for the proposition that "a third party can never have a successful claim under § 853(n)(6)(A) if the property was proceeds of an offense"); *United States v. Catala*, 870 F.3d 6,

10

10 (1st Cir. 2017) ("A third party cannot have an interest in proceeds that do not yet exist"); Sean Michael Welsh, Tracing Commingled Funds in Asset Forfeiture, 88 Miss. L.J. 179, 189–90 (2019) ("[T]hird party never acquires title to the proceeds of crime because, when the proceeds are generated, title immediately vests in the United States.").

Under these authorities, title to the PPP loan funds deposited into ABE's bank account vested in the United States as soon as Baver submitted the fraudulent loan application, which caused the SBA to transfer funds to ABE's bank account. And because these criminal proceeds did not exist before the commission of the crime that gave rise to forfeiture, ABE cannot have had a pre-existing ownership interest in them under 21 U.S.C. § 853(n)(6)(A). Accordingly, ABE cannot, and will not be able, to allege facts sufficient to show it is entitled to relief under 21 U.S.C. § 853(n)(6)(A).

   B. **As a matter of law, ABE has not and will not be able to allege facts in its petition to show that it is entitled to relief as a bona fide purchaser under 21 U.S.C. § 853(n)(6)(B).**

Likewise, ABE cannot except any interest from the forfeiture under 21 U.S.C. § 853(n)(6)(B), the only other avenue of relief available, because it will not be able to make a plausible claim that it was a bona fide purchaser of the Subject Property. ABE has failed to even plead that it is entitled to such relief in its petition or provide any facts to show it can qualify as a bona fide purchaser. In contrast, significant evidence already before this court at the trial shows that ABE cannot be a bona fide purchaser. At the time, Baver applied for the PPP loan and the loan proceeds were deposited into ABE's bank account, ABE was solely owned, operated, and controlled by Baver. ABE was the vehicle Baver used to perpetrate her crime.

Under the principals of Utah law cited above, ABE clearly cannot allege any facts to show that it "was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." In entering its preliminary order of forfeiture, the court recently recognized the significance of Baver's actions relative to ABE when it determined that Baver "obtained" the PPP loan funds:

> Baver was not simply an officer or part owner of ABE . . . Instead, Baver was the sole member of ABE with an uncontested, controlling interest. She was the only person able to dictate the disposition and use of ABE's funds.

*United States v. Baver*, No. 2:21-CR-00520-JNP, 2024 WL 3445061, at *4 (D. Utah July 17, 2024) (unpublished). ABE could and only did act through Baver. As solely owned and controlled by Baver at the time of the loan application and transfer of funds by the SBA to ABE's bank account, ABE did not think or act but through Baver's criminal acts. Far from an independent third party of the type that typically can qualify as a bona fide purchase, ABE lied at the heart of the fraud through the actions of Baver who now stands convicted of her conduct. ABE cannot now use the bona fide purchaser exception to forfeiture as a shield against its owner's fraudulent conduct. Consequently, ABE cannot be a bona fide purchaser under 21 U.S.C. § 853(n)(6)(B). *See United States v. Emor*, 2013 WL 3005366, *12 (D.D.C. June 18, 2013) (unpublished) (dismissing third-party petition including because all of an LLC's "activity was orchestrated exclusively by" Baver "who used the company 'as another means of implementing his fraud scheme'"; consequently, LLC could not "hope to demonstrate that it obtained the funds . . . reasonably without cause to believe they were subject to criminal forfeiture), *aff'd on this point*, *United States v. Emor*, 785 F.3d 671 (D.C. Cir. 2015).

## CONCLUSION

For the foregoing reasons, ABE has not and cannot plead sufficient facts to show entitlement to any relief under either prong of 21 U.S.C. § 853(n)(6). Consequently, this Court should dismiss ABE's petition with prejudice.

Respectfully submitted,

        TRINA A. HIGGINS
        United States Attorney

        */s/ Travis K. Elder*
        Travis K. Elder
        Assistant United States Attorney