SCOTT KEITH WILSON, Federal Public Defender (#7347)
KRISTEN R. ANGELOS, Assistant Federal Public Defender (#8314)
ROBERT K. HUNT, Assistant Federal Public Defender (#5722)
ROBERT STEELE, First Assistant, Federal Public Defender (#5546)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Email:   kris_angelos@fd.org, robert_hunt@fd.org, robert_steele@fd.org

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON MARIE BAVER,<br><br>Defendant. | MOTION TO STAY FORFEITURE PENDING APPEAL<br><br><br>Case No. 2:21-cr-00520-001 JNP |

Defendant, Allison Marie Baver ("Ms. Baver"), by and through her attorneys of record, Kristen R. Angelos, Robert K. Hunt and Robert Steele, submits this Motion to Stay Forfeiture Pending Appeal, and asks that this Court stay all forfeiture orders until Ms. Baver's appeal resolves.[1]

## PROCEDURAL HISTORY

In December 2021, Ms. Baver was charged in a nine-count Indictment, charging her with

---

[1] Ms. Baver has not yet filed an appeal, as she has not yet been sentenced. However, she plans to file an appeal immediately following her sentencing, which is scheduled for October 15, 2024.

eight counts of False Statements to a Bank, violations of 18 U.S.C. § 1014, and one count of Money Laundering, a violation of 18 U.S.C. § 1957. Doc. 1, Indictment. In October 2022, the government added a tenth charge – Contempt, a violation of 18 U.S.C. § 401 – in a Second Superseding Indictment. Doc. 47, Second Superseding Indictment. All iterations of the indictment included a Notice of Intent to Seek Forfeiture. Doc. 1, 35 (first Superseding Indictment), 47.

In July 2023, Ms. Baver went to trial on four counts: two counts of False Statements, one count of Money Laundering, and one count of Contempt. Doc. 169, minute entry for start of trial. The government dismissed the remaining counts. Doc. 157, minute entry for Final Pretrial Conference. Ms. Baver was found guilty on all four counts. Doc. 179, Jury Verdict.

Following Ms. Baver's conviction, the Government filed a Motion for Forfeiture, seeking monies from four different bank accounts, and all payments due and owing to Ms. Baver's LLC. Doc. 186, Motion for Forfeiture. The Court granted this motion and issued a Preliminary Order of Forfeiture. Doc. 206, Memorandum Decision and Order; Doc. 207 Preliminary Order. After a requested correction from the government, Doc. 209, the Court issued an Amended Preliminary Order of Forfeiture, finding the following assets preliminarily forfeited to the United States:

- $9,016,830.76 seized from FIB 4629;

- $465,936.99 seized from Meridian Bank account ending in 8439;

- $33,932.39 seized from Meridian Bank account ending in 2022;

- $22,018.81 seized from Meridian Bank account ending 4101; and

- All payments due and owing to Allison Baver Entertainment, LLC by Fintage Collection Account Management B.V. under the terms and conditions of a Collection Account Management Agreement entered into between ABE and

Fintage Collection on June 6, 2020, including $153,549.52 in payments already made by Fintage Collection Account Management B.V. to the United States. Doc. 210, Order. Sentencing is scheduled for October 15, 2024. Doc. 214, Notice of Hearing.

## ARGUMENT

**This Court Should Stay the Forfeiture Order Until Ms. Baver's Appeal is Resolved.**

Regarding forfeiture, the Rules of Criminal Procedure state that,

> If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

F.R.Crim.Pro. 32.2(d). The Committee Notes further explain that "[t]he purpose of th[is] provision is to ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." *Id*. at Comm. Notes.

As one court noted, "the Rule is silent as to how [a] Court should exercise its discretion." *United States v. Riedl,* 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001). However, courts considering a stay request generally consider four factors, including, "(1) the likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time; (3) the forfeited asset's intrinsic value to defendant (i.e., the availability of substitutes); and (4) the expense of maintaining the forfeited property." *United States v. Peters,* 784 F. Supp. 2d 234, 235 (W.D.N.Y. 2011)(citing *United States v. Davis,* No. 07–cr–11 (JCH), 2009 WL 2475340, at *2 (D.Conn. June 13, 2009) (citing *Riedl,* 214 F.Supp.2d at 1082 (collecting cases))). These factors are similar to the four-part test utilized by the Tenth Circuit Court of Appeals in *United States v. Various Tracts of Land in Muskogee & Cherokee Counties*, 74 F.3d 197 (10th Cir.1996), where the court analyzed

the Defendant's motion, brought pursuant to 28 U.S.C. Section 1355(c), to enjoin the sale of the property he forfeited under 21 U.S.C. Section 881(a) as a motion for stay. *Id*. at 198. The court there required the defendant to show: "(1) he is likely to prevail on the merits on appeal; (2) he will be irreparably harmed in the absence of a stay; (3) other parties will not be substantially harmed by the entry of a stay; and (4) the public interest favors a stay." *Id.*

Using these factors, courts have rejected motions to stay forfeiture where defendant presented "[n]o claim or argument …that a stay is necessary to preserve these assets pending appeal" and "no reasons that the vehicle and sums from the bank accounts should remain available pending review, " *See United States v. Gonzales,* No. 17-cr-00082-J, 2018 WL 11233243, at *4 (D. Wyo. Mar. 26, 2018)(Motion for Stay denied until Defendant "comes forward with a sufficient authority and argument supporting a stay of the criminal forfeiture pending appellate review").   Additionally, courts have rejected motions to stay forfeiture where defendant was "not likely to prevail on the merits on appeal" and made no showing "that the property at issue is unique and cannot be replaced through reimbursement from the government if he succeeds on appeal." and the "Government's risk of loss due to declining market conditions and maintenance costs [wa]s reason for disposing of the forfeited assets as soon as possible." *See United States v. Evanson*, No. 2:05-cr-805-TC, 2008 WL 4335549, at *1 (D. Utah Sept. 22, 2008).   Moreover, courts have rejected granting a stay when it would "increase the burden on the Marshal's Service" who was managing the lease properties. *Riedl*, 214 F. Supp. 2d at 1082–83.   *See also Peters,* 784 F. Supp. 2d at 235-36 (while defendant's appeal would not be frivolous or disingenuous and cannot be said necessarily unlikely to succeed, property could be sold now to capture small gain against potential depreciation in the future, the property held no intrinsic value to the defendant, and costs of more than $2000 to maintain the property pending

appeal were "not excessive, [but] paying them nonetheless expends the government's resources and decreases the net proceeds available to the victims.").

Conversely, a motion to stay forfeiture was granted in *United States v. Quinones,* wherein the court reasoned that "[i]f the government were to sell the four parcels in such a [slumped] market, they [sic] would, in effect, be foregoing any potential for appreciation in value once the market recovers; this loss will ultimately be borne by [the defendant] if the forfeiture order is reversed on appeal." No. 06–cr–845(S–2)(FB), 2009 WL 4249588, at *2 (E.D.N.Y. Nov. 25, 2009).

Here, staying the forfeiture order is both in compliance with the purpose of the Rule ("[t]he purpose of the provision is to ensure that the property remains intact and unencumbered," F.R.Crim.Pro. 32.2 Comm. Notes), and aligns with the factors for consideration. The property at issue in this case consists of funds seized from several bank accounts, and any payments due and owing to Ms. Baver's LLC. Allowing the funds, and any incoming funds from accounts owing, to remain in situ does not decrease the value of the funds, nor does it incur cost to maintain. Allowing the money to continue sitting undisturbed until the appeal plays out conforms with the rule and maintains all value of the asset.

Further, looking to the factors the Courts have considered in reviewing motions for stay, a stay is similarly warranted. First, Ms. Baver maintains that her conviction was wrongly entered. As she did at trial, she proclaims her innocence and argues there was insufficient evidence to support a guilty verdict.  It is anticipated that this will be one of the main arguments for Ms. Baver's appeal considering Allison Baver Entertainment (ABE), through Ms. Baver, applied for the PPP loan program within weeks of the creation of the program.  During these first few weeks the Frequently Asked Questions (FAQ's) were essentially the only information applicants

had to rely on when applying within the first month of the loan program. Testimony at trial suggested that these FAQ's were ambiguous, prompting continued revisions of the original FAQ's and new additions for the year following the creation of the PPP loan. Believing that ABE qualified as a new, seasonal business, Ms. Baver, on behalf of ABE, applied for a PPP loan for future projects. Ms. Baver asserted at trial that she acted in good faith. Notwithstanding the jury determination, Ms. Baver believes that there was insufficient evidence to convict her based on the ambiguous nature of the rules surrounding the PPP loan, her good faith letter, and an email to Nick Patel noting that she had only hired an attorney at the time of applying.

Second, the asset – straight money – will not depreciate over time if the stay order is granted. Unlike appreciable hard assets that may lose value over time, the value of cash does not change. Indeed, it is anticipated that this money will continue to earn interest during the period of appeal.

And there is no expense to maintain the forfeited property in its current state. Funds in an account require no upkeep or maintenance. No additional costs will be incurred to simply maintain the funds as they currently are.

Only one of the four factors – irreparable harm/intrinsic value – may disfavor a stay, as funds themselves hold no personal or intrinsic value. But the other three factors indicate that a stay is warranted. Ms. Baver has a chance of success on appeal, the value of the assets will not change if a stay is granted, and there is no cost to maintain the asset if a stay is granted. Because the analysis favors granting the stay, and granting the stay aligns with the goal of maintaining the assets, a stay should be granted.

## CONCLUSION

Based on the foregoing, Ms. Baver respectfully asks that this Court grant this Motion and enter an Order staying the forfeiture order pending Ms. Baver's appeal.

Respectfully submitted this 1st day of October, 2024.

*/s/ Kristen R. Angelos*
KRISTEN R. ANGELOS
Assistant Federal Public Defender


*Robert K. Hunt*
ROBERT K. HUNT
Assistant Federal Public Defender


*Robert L. Steele*
ROBERT L. STEELE
Assistant Federal Public Defender