TRINA A. HIGGINS, United States Attorney (7349)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
(801) 524-5682 | travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON MARIE BAVER,<br><br>Defendant. | **OPPOSITION TO ALLISON BAVER ENTERTANMENT, LLC'S MOTION FOR STAY OF PROCEEDINGS**<br><br>Case No. 2:21-cr-00520-JNP<br><br>Judge Jill N. Parrish |
| ALLISON BAVER ENTERTAINMENT, LLC<br><br>Third-Party Petitioner. | |

The United States of America opposes Allison Baver Entertainment, LLC's[1] (ABE) Motion for Stay of Proceedings (ECF 223) to further delay proceedings in this matter. ABE's request is merely a continuation of the defendant's unjustified attempts to delay these proceedings.

---

[1] The United States will refer to the petitioner using the name of the entity in the ABE's petition, Allison Baver Entertainment, LLC, and not the name in the motion, Allison Baver Enterprises, Inc.

1

## BACKGROUND

Sentencing was originally scheduled for October 30, 2023. (ECF 173). The defendant requested delays of the sentencing four times. (ECF 185, 201, 203, 211). The United States requested one continuance of five days. (ECF 204).

On September 16, 2024, Defendant Baver requested a delay of the sentencing for a fifth time to allow the United States time to respond to the defendant's latest request related to alleged misconduct. (ECF 220). In response, the United States indicated that it had "responded and no additional information will be provided." (ECF 221). On September 19, 2024, this Court summarily denied the motion in a docket text order. (ECF 222).

Related to the ancillary proceeding, on July 26, 2024, the court entered its amended preliminary forfeiture order. (ECF 201). This order forfeited funds seized from various accounts and funds seized related to an investment. *Id*. On August 14, 2024, ABE filed it petition. (ECF 217). Less than two weeks later on August 26, 2024, the United States filed a motion to dismiss the petition because ABE has not and cannot sufficiently plead facts showing entitlement to relief under the only two avenues for relief available to third-party petitioners. (ECF 219). On September 4, 2024, the United States agreed to extend ABE's time to respond to the motion to dismiss until September 23, 2024.

On September 23, 2024, ABE filed a Motion for Stay of Proceedings in this ancillary forfeiture proceeding. (ECF 223). In support of its motion, ABE argues that a stay should be granted because dismissal of ABE's petition is premature because "the issue of whether

[Defendant Baver's] conviction has been tainted by prosecutorial misconduct remains unresolved" and to conserve judicial resources.

## ARGUMENT

The court denied the motion for continuance of the sentencing on alleged misconduct and should deny the motion here. Whether some alleged misconduct has impacted the defendant's conviction in any way is irrelevant to the ancillary proceeding and the court should proceed with adjudicating ABE's petition. The ancillary proceeding provides a limited cause of action to third parties to contest forfeiture of property in the criminal case. The sole issue in the ancillary proceeding is whether the third party has a legal interest in property ordered forfeit in the forfeiture order. These issues are separate from the criminal case, which is why the consideration of third-party petitions are considered in an ancillary proceeding, which is essentially a separate civil lawsuit related only to the forfeiture order. *See, e.g.*, *United States v. Bradley*, 882 F.3d 390, 393 (2nd Cir. 2018) (ancillary proceeding under § 853(n) is civil in nature, resembling a quiet title proceeding in which the petitioners are plaintiffs).

ABE has failed to demonstrate that any meaningful issue remains pending in the criminal case that has a likelihood of success in overcoming the conviction. Undoubtedly, the defendant will appeal after sentence is opposed. However, ancillary proceedings typically proceed despite appeals by the defendant and even if the forfeiture is stayed as to the defendant. This is because, under Rule 32.2(d), if a court grants a defendant a stay

of the forfeiture pending appeal to a defendant, such "a stay does not delay the ancillary proceeding or the determination of a third party's rights or interests." *See also United States v. Hassan*, 411 F. Supp. 3d 1302, 1310 (M.D. Fla. 2019) (under Rule 32.2(d), district court can adjudicate a third party's petition in the ancillary proceeding notwithstanding defendant's appeal and even if the defendant has obtained a stay of the forfeiture).

While courts have on occasion stayed an ancillary proceeding to conserve judicial resources, that rationale does not apply here. The United States has filed a motion to dismiss based on a straightforward issue: ABE simply cannot plead any facts that will show it can qualify for relief under 21 U.S.C. § 853(n)(6). From the government's perspective, a decision in ABE's favor is unlikely. The government has already invested time and resources into the motion to dismiss and it requests that the court decide the motion.

Accordingly, the Court should deny ABE's motion to further delay the proceedings in this case.

TRINA A. HIGGINS<br>
United States Attorney<br><br>
*/s/ Travis K. Elder*<br>
Travis K. Elder<br>
Assistant U.S. Attorney