Michael Langford (9682)
Alexander E. Ramos (15234)
LANGFORD | RAMOS, PLLC.
43 E. 400 S.
Salt Lake City, UT 84111
Telephone: (801) 998-2002
Email: alex@langfordramos.com

*Attorneys for Allison Marie Baver*

---

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALLISON MARIE BAVER, <br><br> Defendant. | **MOTION TO EXTEND TIME TO FILE RULE 33(a) MOTION** <br><br> Case No. 2:21-cr-00520 <br><br> District Judge Jill N. Parrish |

Allison Marie Baver ("Ms. Baver") through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B) and the Sixth Amendment of the United States Constitution, respectfully moves the Court to extend the time to file a Rule 33(a) Motion to Vacate Judgment and Grant a New Trial. As explained below, good cause and excusable neglect exist here because of prior counsel's ineffectiveness.

Alternatively, if the Court is not yet prepared to grant Ms. Baver's Motion for Extension, Ms. Baver respectfully requests that the Court permit newly appointed counsel to review the record in this case and conduct any necessary investigation to determine whether such a Motion should be filed at a later date.

1

**Relevant Factual and Procedural Background**

On December 15, 2021, a grand jury returned an indictment charging Ms. Baver with violations of 18 U.S.C. § 1014 and a violation of 18 U.S.C. § 1957. On January 18, 2022, retained counsel entered appearances on behalf of Ms. Baver. (ECF Nos. 9 & 10.)

On November 30, 2022, retained counsel filed a Motion to Withdraw. (ECF No. 56.) On December 6, 2022, the Court granted the Motion to Withdraw and appointed the Federal Public Defender's as Ms. Baver's counsel. (ECF No. 61.)

A jury trial was held between June 26, 2023 and June 29, 2023. (*See* ECF No. 172.) The jury returned guilty verdicts as to call counts. (ECF No. 172.)

On October 9, 2024, the Court set a sentencing hearing for October 15, 2024. (ECF No. 234.) On October 15, 2024, a hearing was held. (ECF No. 238.) Before turning to the sentencing issues, the Court raised concerns that Ms. Baver had received ineffective assistance of counsel at trial, stating, in relevant part:

> And this is very unusual, but I decided I just need to be honest about what I observed during the trial. And what I observed is that for reasons I don't understand, one of the members of the defense team, something was wrong. Something was off. The closing argument was not really a closing argument, at least **it wasn't a constitutionally effective closing argument**. **Some of the cross-examinations would fall into that same category** . . .

(Transcript at 7 (bold added).) The Court continued:

> This is a very uncomfortable thing for me to say. Again, I agonized over it at great length. I'm very cognizant of the fact that I'm not an advocate, that I'm a neutral, but I am also as a trial judge **responsible for ensuring that all criminal defendants receive a constitutionally adequate defense** and that is why I haven't been sleeping much.

(Transcript at 8 (bold added).) The Court also stated: "I just had to say my piece. I had to clear my conscience and so that is what I have done." (Transcript at 9.) Later, the Federal Public

2

Defender Office moved to withdraw as Ms. Baver's counsel. (Transcript at 13.) The Court then granted the Federal Public Defender Office's Motion to Withdraw. (Transcript at 13.)

On October 24, 2024, the Court appointed undersigned counsel as Ms. Baver's CJA counsel. (ECF No. 244.)

## Legal Background

### Rule 33

Rule 33(a) of the Federal Rules of Criminal Procedure provides:

> **(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

Fed. R. Crim. P. 33(a).

Rule 33(b) provides:

> **(1) Newly Discovered Evidence**. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> **(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33(b)(1–2).

### Rule 45

Rule 45(b) provides:

> **(b) Extending Time.**
>
> **(1) In General.** When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>
> **(A)** before the originally prescribed or previously extended time expires; or

**(B)** after the time expires if the party failed to act because of excusable neglect.

**(2) Exception.** The court may not extend the time to take any action under Rule 35, except as stated in that rule.

Fed. R. Crim. P. 45(b).

Sixth Amendment

"The Sixth Amendment provides that an accused shall enjoy the right 'to have the Assistance of Counsel for his defense.'" *United States v. Morrison*, 449 U.S. 361, 364, 101 S. Ct. 665, 667, 66 L. Ed. 2d 564 (1981) "This right, fundamental to our system of justice is meant to assure fairness in the adversary criminal process."

<b><u>Argument</u></b>

"The Tenth Circuit has previously recognized that ineffective assistance of counsel may serve as the foundation for a motion for new trial under Rule 33." *United States v. Green*, No. CR 09-311 MCA, 2012 WL 12023805, at *3 (D.N.M. Feb. 14, 2012).

Here, Ms. Baver makes two arguments. **(I)** The Court should GRANT her Motion to Extend Time to File a Rule 33(a) Motion under Rule 33(b)(2) and Rule 45(b)(1)(b) because excusable neglect exists for her delay in filing a Motion to Vacate Judgment and Grant a New Trial due to her prior counsel's ineffectiveness. Alternatively, **(II)** the Court should permit newly appointed counsel time to investigate this case to determine whether other grounds exist to extend the time to a Motion to Vacate Judgment and Grant a New Trial.

**I.     Excusable Neglect Exists for the Court to GRANT the Motion to Extend Based on Prior Counsel's Ineffectiveness.**

Based on prior counsel's ineffectiveness, excusable neglect exists and the Court should extend Ms. Baver's deadline to file a Rule 33 Motion for a New Trial.

4

"The Tenth Circuit has previously recognized that ineffective assistance of counsel may serve as the foundation for a motion for new trial under Rule 33." *United States v. Green*, No. CR 09-311 MCA, 2012 WL 12023805, at *3 (D.N.M. Feb. 14, 2012). And the Tenth Circuit has recognized (arguably in dicta) that "a motion for extension of time [to file a Rule 33 Motion for a new trial] is permitted under Rule 45 and the court may consider an untimely motion if it determines the defendant's delay was due to excusable neglect." *Alva v. Teen Help*, 469 F.3d 946, 952 n. 11 (10th Cir. 2006); *see also Green,* 2012 WL 12023805, at *5 (D.N.M. Feb. 14, 2012) ("the Court concludes that excusable neglect may be considered to extend the filing time for a Rule 33 motion.").

"In determining whether the filing of a Rule 33 motion was late due to excusable neglect, courts use the four-factor *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993) test." *Green*, 2012 WL 12023805 at *5 (cleaned up). "The determination is an equitable one, taking account of all relevant circumstances." *Id*. (cleaned up). "Factors specifically enumerated include: (1) the danger of prejudice to opposing parties; (2) length of delay in judicial proceedings and its impact; (3) the reason for the delay, including whether it was in the control of the late-filer; and (4) whether the late-filer acted in good faith." *Id*.

Here, the factors weigh in favor of granting an extension. First, the United States would not be prejudiced by granting the extension. *See United States v. Velazquez*, 197 F. Supp. 3d 481, 509 (E.D.N.Y. 2016) ("the Court is aware of no prejudice to the government in granting the extension."). Second, the delayed motion will not impact the judicial proceeding in a negative manner. *See id*. ("the delayed motion has not impacted the judicial proceeding in a negative manner . . . ."). Third, the reason for the delay is prior counsel's ineffectiveness. As the Court

5

previously recognized, Ms. Baver very likely received ineffective assistance at trial. (Transcript at 7 ("The closing argument was not really a closing argument, at least it wasn't a constitutionally effective closing argument. Some of the cross-examinations would fall into that same category . . . .").) Because prior counsel still represented Ms. Baver until very recently, the third factor weighs in Ms. Baver's favor because the delay was not fairly within Ms. Baver's control. *See United States v. Munoz,* 605 F.3d 359, 371 (6th Cir. 2010) ("we find that Bergmann's continuing representation of Munoz during the window for timely filing a Rule 33 motion was a valid reason for the delay, and that the delay was not fairly within Munoz's control."). Fourth, new counsel was appointed on October 24, 2024, and timely brought this Motion to Extend. This factor weighs in favor of granting the extension. *See id*. ("new counsel was clearly acting in good faith during this period of delay."). Therefore, Ms. Baver respectfully requests that the Court extend, *nunc pro tunc*, the time to file a Rule 33(a) Motion to Vacate Judgment and Grant a New Trial for a period of thirty days.

    II.      **In the Alternative, the Court Should Permit Newly Appointed Counsel Time to Review the Record to Discover Other Possible Arguments for Extending the Deadline to File a Rule 33(a) Motion.**

Based on the present record, and the Court's finding that prior counsel was very likely ineffective at trial, good cause and excusable neglect exist to extend the deadline to file a Rule 33(a) Motion. But if the Court rejects this argument, Ms. Baver respectfully requests that the Court permit newly appointed counsel appropriate time to review the extensive record and bring a new motion at a future date.

As noted above, under Rule 33, "Any motion for a new trial grounded on **newly discovered evidence** must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1) (bold added). But the "Tenth Circuit has explained that asserted ineffective

6

assistance of counsel may not serve as the basis for a motion for a new trial on the ground of newly discovered evidence under Rule 33 where the facts alleged in support of the motion were within the defendant's knowledge at the time of trial." *Green*, 2012 WL 12023805 at *4.[1] But "where the facts relevant to ineffective assistance are *not* known to the defendant until after trial, they may be raised on a 'newly discovered evidence' motion under Rule 33." *United States v. Johnson*, 12 F.3d 1540, 1548 (10th Cir. 1993). Here, without the ability to examine this case's extensive record, it is not possible for newly appointed counsel to determine whether there may be newly discovered evidence that could justify a motion for a new trial.

Thus, if the Court is not yet inclined to GRANT Ms. Baver's Motion for Extension, Ms. Baver respectfully requests that the Court permit another Motion to be filed later to explore the issue if newly appointed counsel's investigation merits such a Motion.

## Conclusion

For the reasons argued, Ms. Baver respectfully requests that the Court extend, *nunc pro tunc*, the time to file a Rule 33(a) Motion to Vacate Judgment and Grant a New Trial. Ms. Baver requests that the length of the extension be thirty days from the entry of the Court's Order.

Alternatively, Ms. Baver respectfully requests that the Court permit another Motion to be filed later to explore the issue if newly appointed counsel's investigation merits such a Motion.

DATED: 10.30.24

_____
Alexander E. Ramos
LANGFORD RAMOS, PLLC.

---

[1] Ms. Baver reserves the right to challenge this holding at a future date for purposes of appeal if necessary.