TRINA A. HIGGINS, United States Attorney (#7349)
Attorney for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00520 JNP |
| Plaintiff, | UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO EXTEND TIME TO FILE RULE 33(a) MOTION |
| vs. | |
| ALLISON MARIE BAVER, | |
| Defendant. | District Court Judge Jill N. Parrish |

The United States of America respectfully submits this Response in Opposition to Defendant's motion to extend time. Defendant Allison Marie Baver seeks leave to file an out-of-time motion for a new trial under Federal Rule of Criminal Procedure 33. (ECF 248). The motion should be denied. The time for filing a Rule 33 motion expired more than 15 months ago, and Ms. Baver's unsupported allegation that her previous counsel were ineffective is insufficient to establish excusable neglect for that lengthy delay.

BACKGROUND

On June 29, 2023, a jury convicted Ms. Baver of two counts of making false statements to a financial institution, in violation of 18 U.S.C. § 1014; money laundering, in violation of 18 U.S.C. § 1957; and criminal contempt, in violation of 18 U.S.C. § 401(3). Ms.

Baver was represented at trial by experienced counsel from the Federal Public Defender's office.

After trial, this Court rejected Ms. Baver's motion for a judgment of acquittal, finding that there was sufficient evidence on all counts to support the verdict. (ECF 184 at 2-7).

Following extensive proceedings in preparation for sentencing, the parties convened for a sentencing hearing on October 15, 2024. At the hearing, the Court sua sponte expressed concern about the performance of Ms. Baver's counsel at trial. (ECF 241, Status Conference Transcript). The Court stated that, in its view, the "closing argument was not really a closing argument, at least it wasn't a constitutionally effective closing argument" and that "[s]ome of the cross-examinations would fall into that same category." Tr. 7. The Court then noted that, "if I sentence Ms. Baver today," she might have "already served her sentence" before she could raise an ineffective assistance claim in a collateral proceeding. *Id.* at 7-8.

The Federal Public Defender's office requested to withdraw so that new counsel could be appointed to "see if there is a motion for mistrial" that would "speed up any remedy to Ms. Baver." Tr. 13. This Court permitted the withdrawal. *Id.* The Court appointed new counsel on October 24, 2024, and Ms. Baver filed the instant motion six days later.

## ARGUMENT

Rule 33 permits a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Except for a claim based on newly discovered evidence, a defendant has 14 days to file a motion for a new trial. *Id.* The 14-day time limit is an "inflexible claim-processing rule" that mandates enforcement when the

government invokes it. *Eberhart v. United States,* 546 U.S. 12, 13, 17-20 (2005) (explaining that such claim-processing rules "assure relief to a party properly raising them" because of the rules' "insistent demand for a definite end to proceedings").

The District Court may extend Rule 33's otherwise inflexible deadline if the moving party establishes that they "failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B); *see United States v. Johnson*, 821 F.3d 1194, 1199 (10th Cir. 2016). Courts consider four factors to determine whether a party has established excusable neglect: (i) "the danger of unfair prejudice to the government"; (ii) "the length of the delay and its potential impact on the judicial proceedings"; (iii) "the reasons for the delay"; and (iv) "whether the movant acted in good faith." *United States v. Vogl*, 374 F.3d 976, 981 (10th Cir. 2004).

The Tenth Circuit has acknowledged that ineffective assistance of counsel "might" provide a basis for establishing "excusable neglect" under Rule 45. *See United States v. Smith*, 311 F. App'x. 82, 84 (10th Cir. 2008) (unpublished). But the Court has made clear that an "ineffective assistance of counsel claim does not automatically negate" a finding of untimeliness under Rule 33. *Id.*

Automatically excusing Rule 33's time limits based on a bare-bones assertion of ineffective assistance would render those limits meaningless, undermine the strong systemic interest in finality that the deadline serves, and enable any defendant to substantially delay sentencing simply by obtaining new counsel and alleging that the previous one was ineffective. For that reason, courts should scrutinize the defendant's ineffective assistance claim and "distinguish clearly frivolous ineffective-assistance allegations from those with potential merit" to ensure that defendants cannot pursue "opportunistic Rule 33 motions . . .

merely by crying ineffective assistance of counsel." *United States v. Munoz*, 605 F.3d 359, 373 n.8 (6th Cir. 2010).

Permitting untimely Rule 33 motions based on unsupported allegations of ineffective assistance would also violate the established principle that a collateral motion under Section 2255 is nearly always the proper vehicle for adjudicating ineffective assistance of counsel claims. *See id.* at 84 n.1 (suggesting that "almost all ineffective assistance of counsel claims will be untimely" under Rule 33 and that "collateral review is almost always the proper course for such claims"); *United States v. Carbajal-Moreno*, 136 F. App'x. 163, 165 (10th Cir. 2005) (unpublished) ("Our insistence that, except in extraordinary circumstances, defendants must bring ineffective assistance of counsel claims in collateral proceedings extends to motions for a new trial."). Accordingly, to establish excusable neglect, a defendant must do more than merely assert that their counsel was ineffective. Rather, the defendant must show that (1) the claims are sufficiently substantial to constitute excusable neglect justifying an extension of the ordinarily inflexible time limit; and (2) extraordinary circumstances exist warranting a departure from the established rule that a collateral petition, rather than a motion for new trial, is the proper vehicle for such claims. *See generally United States v. Cates*, 716 F.3d 445, 448-49 (7th Cir. 2013); *Carbajal-Moreno*, 136 F. App'x. at 165.

Ms. Baver has not carried that burden here. Her bare-bones assertion of ineffective assistance is unsupported by any legal argument, factual description, or reference to the underlying record. Instead, Ms. Baver relies entirely on the fact that this Court expressed concerns about counsel's performance to justify her 15-month delay in seeking to file a Rule 33 motion. But it is the *defendant's* burden, not the Court's, to establish excusable neglect by

4

setting forth the facts and argument that would support her claim. A new trial can only be granted on the defendant's motion; the district court cannot assert that relief on the defendant's behalf. *See* Fed. R. Crim. P. 33 (permitting the court to grant a new trial only "[u]pon the defendant's motion"); Fed. R. Crim. P. 33, advisory comm. notes, 1966 amends. ("[A] judge has no power to order a new trial on his [or her] own motion, [but] can act only in response to a motion timely made by a defendant"); *United States v. Kennedy*, 682 F.3d 244, 254 (3d Cir. 2012) (reversing district court's grant of a new trial because the court lacked the "power to identify and raise the matter sua sponte"). Accordingly, it is the defendant's responsibility to present specific facts and argument showing that her ineffective assistance allegation constitutes excusable neglect for a 15-month delay and warrants departing from the ordinarily proper vehicle for adjudicating such claims. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present"); *see id.* at 375-76 (noting that parties, not judges, "are responsible for advancing the facts and argument entitling them to relief").

Ms. Baver must do more than simply point to this Court's concerns about counsel's performance to establish excusable neglect for her failure to file her Rule 33 motion within the 14-day period. Because she has not done so, her motion should be denied.[1]

---

[1] Ms. Baver requests, in the alternative, that the Court "permit another Motion to be filed later to explore the issue if newly appointed counsel's investigation merits such a motion." (ECF 248 at 7). That vague request is premature and should also be denied. The Court cannot determine in advance whether unspecified claims that counsel may or may not present in the future constitute excusable neglect.

5

CONCLUSION

The defendant's Motion to Extend time To File Rule 33(a) Motion should be denied.

DATED: November 6, 2024.

                                        TRINA A. HIGGINS
                                        United States Attorney

                                        */s/ Trina A. Higgins*