Michael Langford (9682)
Alexander E. Ramos (15234)
LANGFORD | RAMOS PLLC
43 E. 400 S.
Salt Lake City, UT 84111
Telephone: (801) 998-2002
Email: alex@langfordramos.com

*Attorneys for Allison Marie Baver*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON MARIE BAVER,<br><br>Defendant. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO FILE RULE 33(a) MOTION**<br><br>Case No. 2:21-cr-00520<br><br>District Judge Jill N. Parrish |

Allison Marie Baver ("Ms. Baver") through undersigned counsel, respectfully submits the following Reply in Support of Motion to Extend Time to File Rule 33(a) Motion. Pursuant to this District's Local Rules, the reply memorandum is "limited to rebuttal of matters raised in the memorandum opposing the [M]otion." DUCrimR 12-1(c).

### **Government's Response**

The Government tacitly acknowledged that district courts are capable of distinguishing clearly frivolous ineffective-assistance allegations from those with potential merit. (*See* ECF No. 250 at 3–4 (citing *United States v. Munoz*, 605 F.3d 359, 373 n. 8 (6th Cir. 2010).) And the Government acknowledged that this Court has already raised concerns about whether Ms. Baver

1

received a "'constitutionally effective closing argument.'" (ECF No. 250 at 2 (quoting Transcript at 7).)

Further, the Government acknowledged that this Court may extend Rule 33's 14-day deadline if a party establishes excusable neglect. (ECF No. 250.) And the Government agreed with Ms. Baver that courts consider four factors to determine whether a party has established excusable neglect. (*Compare* ECF No. 248 at 5 *with* ECF No. 250 at 3.) But the Government largely failed to address the required factors. (*See* ECF No. 250 at 2–6.)

## Argument

### I. Ms. Baver Established Excusable Neglect in Her Opening Motion, and the Government's Failure to Address the Required Factors Results in Waiver.

In its response, the Government acknowledged the factors this Court must consider in determining whether Ms. Baver established excusable neglect. (ECF No. 250 at 3.) But puzzlingly, the Government *completely failed* to address (1) what prejudice, if any, the Government would suffer if an extension is granted; (2) the length of the delay and its potential impact on the judicial proceedings; and (3) whether Ms. Baver acted in good faith.

As the Government recognized in its Opposition, courts "'rely on the parties to frame the issues for decision . . . .'" (ECF No. 250 at 5 (citation omitted).) The Government's opportunity to address the required factors was in its Opposition. By failing to do so, the Government waived its argument as to three of the four required factors. The Court should therefore weigh these factors in Ms. Baver's favor.

Ms. Baver next turns to the one factor the Government did address—the reason for the delay. The Government argues that Ms. Baver makes "bare-bones assertions of ineffective assistance" based on "unsupported allegations of ineffective assistance." (*See* ECF No. 250 at 4.) But counsel for the United States was not present at Ms. Baver's trial. (*See* Transcript at 9 ("I was not

2

present at trial . . . .").) The Court was. And, as the Government tacitly recognized, "common sense suggests that district courts are capable of distinguishing clearly frivolous ineffective-assistance allegations from those with potential merit . . . ." *Munoz*, 605 F.3d at 373 n. 8. This Honorable Court has already recognized that Ms. Baver's claim of ineffective assistance of counsel has merit. And because Ms. Baver was represented by ineffective counsel "during the window for timely filing a Rule 33 motion," the "delay was not fairly within" Baver's control. *Munoz*, 605 F.3d at 371. The third required factor weighs in Ms. Baver's favor.

A consideration of the required factors establishes Ms. Baver's excusable neglect. The Court should therefore GRANT her Motion to Extend.

## II. **The Government's Demand for a Section 2255 Motion Ignores Tenth Circuit Caselaw.**

In its Opposition, the Government argued that "[p]ermitting untimely Rule 33 motions based on unsupported allegations of ineffective assistance of counsel would violate the established principle that a collateral motion under Section 2255 is nearly always the proper vehicle for adjudicating ineffective assistance of counsel claims." (ECF No. 250 at 4.) But here, the Government ignores the Tenth Circuit's guidance in *Meacham* and *Sands*.

The Tenth Circuit has long acknowledged that "a defendant has the 'right to seek a new trial as part of the original criminal proceedings (**rather than by way of collateral attack**) on the grounds of ineffectiveness of counsel.'" *United States v. Meacham*, 567 F.3d 1184, 1187 (10th Cir. 2009) (bold added) (quoting *United States v. Sands*, 968 F.2d 1058, 1066 (10th Cir. 1992); *see also United States v. Soto Hernandez,* 849 F.2d 1325, 1327 (10th Cir. 1988) ("Soto, through newly appointed counsel, filed a motion for a new trial on the ground that his trial counsel was ineffective."). The Government's argument ignores that Ms. Baver has a "right to seek a new trial" based on "the grounds of ineffectiveness of counsel."

3

### III.     The Government's Critiques of Ms. Baver's Motion Are Misplaced.

The Government argued that Ms. Baver's "assertion of ineffective assistance is unsupported by any legal argument, factual description, or reference to the underlying record." (ECF No. 250 at 4.) The Government's argument is misplaced.

First, Ms. Baver's argument is supported by citation to the required *Pioneer* factors—which the Government does not dispute apply. By failing to address three of the four required factors, it is the Government's opposition—not Ms. Baver's Motion—that lacks sufficient "legal argument."

Second, Ms. Baver cited to the "underlying record" when she quoted this Honorable Court's concerns with prior counsel's ineffectiveness. As argued above, "district courts are capable of distinguishing clearly frivolous ineffective-assistance allegations from those with potential merit . . . ." *Munoz*, 605 F.3d at 373 n. 8. Ms. Baver's citation to the record establishes excusable neglect.

Third, the record here is extensive and would have required much more additional time to thoroughly review. Because the Court's comments establish that the reason for the delay was not within Ms. Baver's control, there was no reason to delay in filing the Motion for an Extension. Doing so would have allowed the Government to argue later that Ms. Baver was not acting in good faith. The Court should reject the Government's "darned if you do, darned if you don't" argument.

### Conclusion

For the reasons argued, Ms. Braver respectfully requests that the Court extend, *nunc pro tunc*, the time to file a Rule 33(a) Motion to Vacate Judgment and Grant a New Trial. Ms. Braver requests that the length of the extension be thirty days from the entry of the Court's Order.

Alternatively, Ms. Braver respectfully requests that the Court permit another Motion to be filed later to explore the issue if newly appointed counsel's investigation merits such a Motion.

DATED: 11.06.24

_____
Alexander E. Ramos
LANGFORD RAMOS, PLLC.