IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALLISON BAVER<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EXTENSION OF TIME<br><br>Case No. 2:21-cr-00520-JNP<br><br>District Judge Jill N. Parrish |

Before the court is defendant Allison Baver's motion for an extension of time to file a motion for a new trial. ECF No. 248. The motion is GRANTED.

Baver went to trial on charges against her for making false statements to a bank, money laundering, and criminal contempt of court. On June 29, 2023, the jury returned a guilty verdict on all counts. After granting multiple continuances at Baver's request, the court held a sentencing hearing on October 15, 2024. At the hearing, the court noted its concern that Baver may not have received effective assistance of counsel during her trial. Counsel for Baver moved to withdraw, and the court granted the motion.

On October 30, 2024, after receiving new counsel, Baver moved for an extension of time to file a motion for a new trial based on ineffective assistance of counsel. *See United States v. Meacham*, 567 F.3d 1184, 1187 (10th Cir. 2009) ("[A] defendant has the 'right to seek a new trial as part of the original criminal proceedings (rather than by way of collateral attack) on the grounds of ineffectiveness of counsel.'" (citation omitted)). The deadline to file a motion for a new trial based on ineffective assistance of counsel is 14 days after the jury enters its verdict. FED. R. CRIM

P. 33(b)(2). Because Baver filed her motion for an extension of time after this deadline had passed, the court may grant the requested extension if it finds that she "failed to act because of excusable neglect." FED. R. CRIM. P. 45(b)(1)(B); *see also Alva v. Teen Help*, 469 F.3d 946, 952 n. 11 (10th Cir. 2006); *United States v. Green*, No. CR 09-311 MCA, 2012 WL 12023805, at *5 (D.N.M. Feb. 14, 2012).

Whether excusable neglect justifies the untimely filing of a motion for a new trial is determined by evaluating the four *Pioneer* factors. *Green*, 2012 WL 12023805, at *5. Excusable neglect "is a somewhat 'elastic concept.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citation omitted)). The determination of whether excusable neglect exists is equitable in nature and involves the evaluation of four factors: "(1) the danger of prejudice to opposing parties; (2) length of delay in judicial proceedings and its impact; (3) the reason for the delay, including whether it was in the control of the late-filer; and (4) whether the late-filer acted in good faith." *In re Lang*, 414 F.3d 1191, 1200 (10th Cir. 2005) (citing *Pioneer*, 507 U.S. at 395).

These factors favor Baver's motion for an extension of time. The government does not argue that it would be prejudiced by an untimely motion for a new trial. Nor does it contend that Baver's delay in filing a motion was motivated by bad faith. Thus, the first and fourth *Pioneer* factors weigh in favor of granting leave to file an untimely motion. But the length of the delay in seeking leave to file an untimely motion—over 15 months—is undoubtedly exceptional. Therefore, the second factor weighs against granting Baver's motion for an extension of time.

That leaves the third *Pioneer* factor: the reason for the delay. The substantial delay in moving for an extension of time in this case was due to the fact that the court did not express its concerns regarding the effectiveness of Baver's counsel at trial until the frequently delayed

sentencing hearing was held. The court's statements at the hearing appear to have been the first time that Baver was alerted to this potential ground for a new trial. Although defendants are typically held accountable for any procedural missteps on the part of their counsel, ineffective assistance of counsel is an exception to this rule that may justify missing a deadline. *See United States v. Smith*, 311 F. App'x 82, 84 (10th Cir. 2008) (unpublished) ("Arguably, if Defendant had contested the district court's untimeliness determination, an alleged ineffective assistance of counsel might have provided Defendant with 'good cause' and/or 'excusable neglect' under Fed. R. Crim. P. 45(b)(1)(B)."). Here, the continued representation of the very counsel that may have been ineffective during the period of time from the jury verdict until the sentencing hearing is a sufficient reason for delay to tip this factor in favor of Baver's motion for an extension of time. *See United States v. Munoz*, 605 F.3d 359, 371 (6th Cir. 2010) ("[W]e find that [trial counsel's] continuing representation of Munoz during the window for timely filing a Rule 33 motion was a valid reason for the delay, and that the delay was not fairly within Munoz's control. This factor therefore favors Munoz.").

Taken together, the court finds that the Pioneer factors favor granting Baver's motion for an extension of time. Only the length-of-delay factor weighs in favor of the government's position. The other three factors, including the important reason-for-delay factor, all favor Baver. Accordingly, the court grants her motion for an extension of time. Baver has leave to file a motion for a new trial by January 6, 2025.

DATED December 3, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge