Michael Langford (9682)
Alexander E. Ramos (15234)
LANGFORD | RAMOS PLLC
43 E. 400 S.
Salt Lake City, UT 84111
Telephone: (801) 998-2002
Email: alex@langfordramos.com

*Attorneys for Allison Marie Baver*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, v. ALLISON MARIE BAVER, Defendant. | MOTION TO EXTEND DEADLINE TO FILE RULE 33(a) MOTION<br><br>Case No. 2:21-cr-00520<br><br>District Judge Jill N. Parrish |
|---|---|

Allison Marie Baver ("Ms. Baver") through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B) respectfully moves the Court to extend the deadline to file a Rule 33(a) Motion to Vacate Judgment and Grant a New Trial. As explained below, good cause exists.

**Relevant Factual and Procedural Background**

Ms. Baver filed a Motion to Extend Time to File Rule 33(a) Motion on October 30, 2024, the Government filed their Response on November 6, 2024, and defense filed their Reply on November 9, 2024. (ECF Nos. 248, 250, & 252.) On December 3, 2024, this Court granted Ms. Baver's motion and set a deadline of January 6th, 2025. (ECF No. 253). Undersigned was appointed on October 24, 2024. (ECF No. 244.) That same day, requests were made to obtain

1

Ms. Baver's file, review of publicly available information related to the case was conducted, and research into possible motions began.

## Legal Background

### Rule 45

Rule 45(b) provides:

**(b) Extending Time.**

**(1) In General.** When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:

**(A)** before the originally prescribed or previously extended time expires; or

**(B)** after the time expires if the party failed to act because of excusable neglect.

**(2) Exception.** The court may not extend the time to take any action under Rule 35, except as stated in that rule.

Fed. R. Crim. P. 45(b).

## Argument

In preparing a Rule 33(a) motion, undersigned counsel has been reviewing discovery from the government, Ms. Baver's case file from prior counsel, trial transcripts, caselaw, and email communications. Despite having identified issues that undersigned counsel believes merit a new trial additional time is needed.

I. **Good Cause Exists for the Court to GRANT an Extension to File Rule 33(a) Motion Based on Defense Counsel Not Having Ms. Baver's Complete File and Not Enough Time to Review.**

Based on undersigned counsel not having Ms. Baver's entire file, an incomplete record, and not enough time to review said contents good cause exists and the Court should extend Ms. Baver's January 6, 2025 deadline to file a Rule 33 Motion for a New Trial.

Ms, Baver's file and email communications were requested to be transferred from FPD to undersigned on October 24, 2024. Discovery was also requested from the Government. Since then, many files have been provided by FPD and the government. However, many items are still in FPD's possession. This is due to a combination of technical difficulties, staff shortage, and internal attorney-client privilege issues. Undersigned counsel has been in close communication with FPD and are working jointly to facilitate the transfer. Contained within these files are also sealed documents that undersigned counsel cannot access via PACER. Despite these setbacks, undersigned counsel has drafted their Rule 33(a) motion with what is currently available to them. With the deadline approaching, undersigned counsel will fail to complete their due diligence, and be ineffective, in their Rule 33(a) filing without a complete file and record, and time to review them. The government was contacted about this extension, they've indicated they would oppose any extension.

## Conclusion

For the reasons argued, Ms. Braver respectfully requests that the Court extend the January 6th, 2025 deadline to file a Rule 33(a) Motion to Vacate Judgment and Grant a New Trial. Originally, Ms. Braver requested that the length of the extension be thirty days from the entry of the Court's Order. Undersigned counsel erroneously assumed it would be in possession of a complete record and Ms. Baver's entire file. With this request, Ms. Baver asks the Court to extend the deadline an additional 45-60 days to ensure that the FPD has sufficient time to address their in-house issues and provide Ms. Baver's entire file. Needless to say, undersigned counsel will continue to work on their Rule 33(a) motion with what it currently has available.

Respectfully submitted this 25th day of December, 2024.

_/s/_ Alexander E. Ramos_____
Alexander E. Ramos
LANGFORD | RAMOS, PLLC.