PS8 - D/UT 02/19

# UNITED STATES PROBATION OFFICE
# FOR THE DISTRICT OF UTAH

## Request and Order to Amend Conditions of Pretrial Release

Name of Defendant: Allison Marie Baver Docket Number: 2:21CR00520-001

Name of Judicial Officer: Honorable Cecilia M. Romero
U.S. Magistrate Judge

Date of Release: January 18, 2022

---

## PETITIONING THE COURT

To amend the current Order Setting Conditions of Release (Dkt. 13) to authorize the defendant's release on her own recognizance and require her to promise to make all further court appearances as required, not to commit other crimes while on personal recognizance bond, cooperate with DNA collection (if applicable), and any other conditions imposed by the Court.

---

## CAUSE

On January 18, 2022, the defendant appeared before Cecilia M. Romero, United States Magistrate Judge for an Initial Appearance/Arraignment/Pretrial Conference/Detention Hearing on the Indictment. Ms. Baver was released on conditions to the supervision of Pretrial Services as outlined in Dkt. 13.

Throughout the course of supervision, the defendant has remained compliant with her conditions of pretrial release. A credit report ran on November 4, 2026, revealed the defendant has not opened any new lines of credit, nor has she incurred new credit charges. Ms. Baver is not employed in any fiduciary capacity. The defendant is currently on long term disability. The defendant reports as directed, she has maintained her residence, and she has not travelled without permission from Pretrial Services. To the knowledge of the undersigned officer, Ms. Baver has not had any contact with alleged victims or witnesses. Lastly, the defendant has not started any new business without the approval of Pretrial Services, has not sold or disposed of any property over $500, and she has not transferred assets or monies without prior approval from the Court.

Ms. Baver has recently been on extended approved travel to Sinking Spring, Pennsylvania. The defendant has been taking care of her elderly father who has recently had multiple surgeries. Additionally, she has been of support to her mother while her father has been recovering. Ms. Baver also has an elderly uncle who was recently hospitalized and she is providing support to him as well. It would be helpful for the defendant to be placed on her own recognizance to allow her to remain for an extended period of time in Pennsylvania to allow her time to take care of her family members.

The defendant's Pretrial Risk Assessment (PTRA) Risk Score falls within Category 1 of five categories. The PTRA is an objective, quantifiable instrument that provides a consistent and valid method of predicting risk of failure to appear, new criminal arrest, and technical violations while on pretrial release.

Allison Marie Baver
2:21CR00520-001

Pursuant to 18 U.S.C. § 3154(5) judicial officers may amend the order of release at any time to impose additional or different conditions. Under 18 U.S.C. § 3142(a)(1) and (b), the judicial officer is authorized to release a person on his own recognizance. Unless the court imposes other conditions, a defendant on a personal recognizance bond promises only to make all further court appearances as required, not to commit other crimes while on bond, and cooperate with DNA collection (if applicable). The purpose of the bond is to facilitate the defendant's release on the least restrictive conditions necessary to reasonably assure the appearance of the defendant at court proceedings and/or protect the safety of the community, pursuant to 18 U.S.C. 3142(c)(1)(B).

Judicial officers should consider the personal recognizance bond if, based on information received from the U.S. Attorney's Office, defense counsel, and Pretrial Services, they believe that no other conditions are required to reasonably assure the defendant's appearance at court proceedings and ensure the safety of the community.

On November 3, 2026, the undersigned officer corresponded, via email, with the Assistant U.S. Attorney (AUSA) and defense counsel assigned to this case. AUSA Briggs Matheson objected to placing Ms. Baver on her own recognizance, and defense counsel Alexander Ramos and Michael Langford did not respond.

Should the Court have questions regarding this matter or desire additional information please contact the officer, via telephone, at 801-651-5209, or email at amie_williamson@utp.uscourts.gov.

I declare under penalty of perjury that the foregoing is true and correct.

Amie Williamson
_______________________________
By Amie Williamson
U.S. Pretrial Services Officer
Date: November 4, 2026

---

**THE COURT ORDERS:**

☐ Conditions of pretrial release be amended as outlined above
☐ No action
**X Other: After reviewing the Request and Order to Amend Conditions of Pretrial Release submitted by probation seeking to release Defendant Allison Baver on her own recognizes and the United States' objection to the request to amend conditions of pretrial release and (ECF 296), the court declines to modify the current conditions of release which are set forth in the First Amended Order Setting Conditions of Release at ECF 33 (incorrectly noted in the petition as ECF 13). The First Amended Order Setting Conditions of Release shall remain in effect, and Ms. Baver is to continue to abide conditions as the court finds they are the least restrictive conditions to reasonably manage danger to the community and risk of nonappearance.**
☐ Hearing set for: _______________ at _____________
before U.S. Magistrate Judge
☐ Other conditions imposed by the Court:

Cecilia Romero
_______________________________
Honorable Cecilia M. Romero
Chief U.S. Magistrate Judge

Date: ____**11/18/2026**______________